# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| Akil Childress, et al. | : | Case No. 1:24-cv-00214 |
| Plaintiffs, | : | Judge Matthew W. McFarland |
| | | Magistrate Judge Karen L. |
| v. | : | Litkovitz |
| City of Cincinnati, et. al., | : | |
| Defendants. | : | |

---

## CITY DEFENDANTS' MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(6)

---

Respectfully submitted,

**EMILY SMART WOERNER (0089349)**
**CITY SOLICITOR**

Mark Manning (0088331)
Matthew Slovin (0102029)
Assistant City Solicitors
801 Plum Street, Room 214
Cincinnati, OH 45202
Phone: 513-352-4576
Mark.Manning@cincinnati-oh.gov
Matthew.Slovin@cincinnati-oh.gov
*Counsel for City Defendants*

# **Table of Contents**

I. INTRODUCTION ............................................................................... 3

II. LEGAL STANDARD ........................................................................ 4

III. CITY DEFENDANTS' EXHIBITS PERMITTED UNDER FED. R. CIV P.
12(D .................................................................................................. 4

   CATEGORY #1: JUDICIAL NOTICE OF STATE AND FEDERAL LEGAL PROCEEDINGS......... 6
   CATEGORY #2: RECORDS OF DEMOLITION REFERENCED IN THE COMPLAINT ............... 9

IV. PLAINTIFFS' ALLEGATIONS AGAINST THE CITY DEFENDANTS . 10

   A. PLAINTIFF VANESSA SPARKS ...................................................................... 10
   B. PLAINTIFF STANFORD POOLE ..................................................................... 11
   C. PLAINTIFF DENISE HILL ............................................................................ 12
   D. PLAINTIFF RODNEY THOMPSON ................................................................. 12
   E. PLAINTIFF JAMES MCCRARY ..................................................................... 13
   F. PLAINTIFF SANDRA ALLEN ........................................................................ 13
   G. PLAINTIFF AKIL CHILDRESS ...................................................................... 14
   H. PLAINTIFF OMAR CHILDRESS ..................................................................... 15
   I. PLAINTIFF EMMA SUE LONG ...................................................................... 15
   J. PLAINTIFF CHARLENE BERKHALTER ........................................................... 15

V. ARGUMENT ................................................................................... 16

   A. THE § 1983 CLAIMS OF PLAINTIFFS SPARKS, POOLE, THOMPSON, AND HILLS ARE
      BARRED BY THE STATUTE OF LIMITATIONS ............................................... 16
   B. THIS COURT DOES NOT HAVE JURISDICTION TO REVERSE THE FINAL STATE COURT
      JUDGMENT AGAINST PLAINTIFF MCCRARY ................................................ 17
   C. THE CLAIMS OF PLAINTIFF ALLEN ARE BARRED BY YOUNGER ABSTENTION ... 19
   D. THE REMAINING CLAIMS OF PLAINTIFFS A. CHILDRESS, LONG, BERKHALTER, O.
      CHILDRESS, AND POOLE LACK FACTUAL ALLEGATIONS TO STATE A CLAIM FOR RELIEF
      UNDER 42 U.S.C. § 1983 ......................................................................... 20
   E. PLAINTIFFS' COMPLAINT FAILS TO PLEAD MONELL LIABILITY ................. 23
   F. THE CITY AND ITS EMPLOYEES HAVE IMMUNITY FROM PLAINTIFFS' TORT CLAIMS
      UNDER OHIO REVISED CODE CHAPTER 2744 ........................................... 25
   G. PLAINTIFFS' CLAIMS AGAINST INDIVIDUAL CITY EMPLOYEES ARE BARRED BY
      QUALIFIED AND LEGISLATIVE IMMUNITY .................................................. 26

VI. CONCLUSION ............................................................................... 28

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, through the accompanying memorandum of law, Defendants City of Cincinnati, Mayor Aftab Pureval, Vice Mayor Jan-Michele Lemon Kearney, Councilmember Jeff Cramerding, Councilmember Reggie Harris, Councilmember Mark Jeffreys, Councilmember Anna Albi, Councilmember Meeka Owens, Councilmember Victoria Parks, Councilmember Scotty Johnson, Councilmember Seth Walsh, former councilmember Liz Keating, City Manager Sheryl Long, Director Art Dahlberg, Deputy Director Ed Cunningham, Inspector Kevin Rhodes, and Inspector Greg Wiles (the "City Defendants") hereby move the Court to dismiss Plaintiffs' Complaint as it fails to state a claim upon which relief can be granted. For the reasons set forth below, the City Defendants' Motion to Dismiss should be granted.

## I.  INTRODUCTION

Plaintiffs present a Complaint devoid of allegations, largely omitting basic facts such as when and where their claims accrued against the City Defendants. The limited allegations against a few City Defendants trace back to Plaintiffs' long history of pre-existing litigation or grievances from years ago. What can be made of the substance of Plaintiffs' claims indicate they are: well beyond the statute of limitations; already decided in prior state and court cases; and barred by Ohio Revised Code § 2744.02 or qualified immunity.

For all the reasons outlined in this memorandum, the City Defendants respectfully request that claims against them be dismissed in full.

## II.    LEGAL STANDARD

"To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must allege facts that, if accepted as true, are sufficient 'to raise a right to relief above the speculative level,' and to state a 'claim to relief that is plausible on its face.'" *Kovalchuk v. City of Decherd*, 95 F.4th 1035, 1037 (6th Cir. 2024), quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570, 127 S. Ct. 1955, 167 L.Ed. 2d 929 (2007). Although the court should construe well-pleaded factual allegations in the plaintiffs' complaint as true, it is not bound to accept plaintiffs' legal conclusions or unwarranted factual inferences. *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 582 (6th Cir. 2007).  Naked assertions, devoid of factual enhancement, are not entitled to a presumption of truth. *Ctr. For Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 373 (6th App. 2011), citing *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009)). Formulaic recitation of the elements of a cause of action should be similarly disregarded. *Id.* at 369.

Plaintiffs' claims against the City Defendants in this case fall far short of the Civ. R. 12(B)(6) standard. Several claims are facially frivolous, while others are devoid of the allegations that would notify the City Defendants where, when, and what unconstitutional action supposedly occurred. For the reasons outlined below, the City Defendants respectfully request that all claims against them be dismissed.

## III.    CITY DEFENDANTS' EXHIBITS PERMITTED UNDER FED. R. CIV. P. 12(d)

A Rule 12(b)(6) motion must ordinarily be decided "without resort to matters outside the pleadings." *Rondigo LLC v. Twp. of Richmond,* 641 F.3d 673, 680 (6th Cir.

2011). However, district courts may also consider documents that are referenced in the plaintiffs' complaint and that are central to their claims. *Id.,* quoting *Bassett v. Nat'l Collegiate Athletic Ass'n,* 528 F.3d 426, 430 (6th Cir. 2008). "This policy makes sense because a plaintiff would otherwise have the ability to survive a motion to dismiss 'simply by failing to attach a dispositive document upon which it relied.'" *Gulfside Casino P'ship v. Churchill Downs, Inc.*, 861 Fed. App'x 39, 42 (6th Cir. 2021), quoting *Weiner v. Klais & Co., Inc.*, 108 F.3d 86, 89 (6th Cir. 1997), abrogated on other grounds by *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002).

In addition to documents referenced and central to a plaintiffs' complaint, courts may take judicial notice of "matters of public record, orders, [and] items appearing in the record of the case . . ." *Golf Vill. North, LLC v. City of Powell*, 14 F.4th 611, 617 (6th Cir. 2021), quoting *Meyers v. Cincinnati Bd. of Educ.*, 983 F.3d 873, 880 (6th Cir. 2020); *see also* Fed. R. Evid. 201. Public records are properly considered where their "existence or contents prove facts whose accuracy cannot reasonably be questioned." *Passa v. City of Columbus*, 123 F. App'x 694, 697 (6th Cir. 2005). A district court's decision to take judicial notice of facts is reviewed for abuse of discretion. *Golf Vill. North*, 14 F. 4th at 617.

Here, several key documents are referenced in the Complaint and central to its claims. The City has attached verified copies of those documents as exhibits to this Motion for the Court's consideration. The City also requests that this Court take

judicial notice of court orders involving Plaintiffs' previous—and current—litigation against the City. The City's exhibits fall into two categories.

### Category #1:  Judicial Notice of State and Federal Legal Proceedings

Plaintiffs Sparks, Poole, Hill, McCrary, and Allen have all engaged in past or present litigation with the City involving the same properties and allegations as their new Complaint. Relevant state and federal legal proceedings include:

***Vanessa Sparks, et al. v. Mayor John Cranley, et al.***, Southern District of Ohio Case No. 1:20-cv-713.

> **Exhibit A:** Complaint
>
> In this complaint, filed September 11, 2020, Plaintiffs Vanessa Sparks, Stanford Poole, and Denise Hill asserted various claims against the City of Cincinnati, its Councilmembers, the Mayor, Building Department officials, and myriad other defendants. These claims arise from the same underlying events as the current litigation, as explained further below.
>
> **Exhibit B:**  Opinion, *Sparks v. Cranley*, 2021 U.S. Dist. LEXIS 180961 (S.D. Ohio) (March 5, 2021)
>
> This opinion from Magistrate Judge Karen L. Litkovitz in the Southern District recommends dismissal of *Sparks v. Cranley*. It concludes that "plaintiffs have failed to allege *any* facts showing how *any* of the defendants participated in *any* alleged violation of constitutional or statutory rights." *Id.* at *5.
>
> **Exhibit C:** Opinion, *Sparks v. Cranley*, 2021 U.S. Dist. LEXIS 179331 (S.D. Ohio) (Sep't 21, 2021)
>
> This opinion from Judge Timothy Black in the Southern District adopts Magistrate Judge Litkovitz's recommendation to dismiss *Sparks v. Cranley,* concluding that "Plaintiffs' indiscernible complaint assert[ed] frivolous claims" and had "an extremely slim, or nonexistent, chance of success." *Id.* at *4. The Court noted Plaintiff Sparks' history of "filings

clearly designed to harass the Court, opposing counsel, or the opposing party," and imposed a restriction requiring leave of Court before any additional filings in the case. *Id.* at *7.

***City v. James McCrary Sr., et al,*** Hamilton County, Ohio, Court of Common Pleas, Case No. A 2203230

**Exhibit D:** Complaint

This complaint, filed on September 6, 2022, initiated the City's lawsuit against Plaintiff McCrary seeking relief for public nuisance activity alleged at 3676, 3680, 3682, and 3684 Vine Street: the same addresses at issue in this case.

**Exhibit E:** Magistrate's Decision Granting Motion for Default and Entry Adopting Magistrate's Decision to Grant Default Judgment

This magistrate's decision from the Hamilton County Court of Common Pleas, entered in February of 2023, granted the City's Motion for Default Judgment against Mr. McCrary. It declared the properties at 3676, 3680, 3682, and 3684 Vine Street to be common law public nuisances.

The court ordered Mr. McCrary to promptly bring his properties into compliance with the Cincinnati Municipal Code and held that if Mr. McCrary refused to do so, the City could abate the public nuisance itself. Finally, the Court held that "[i]f the City is forced to abate the public nuisance at the Properties itself, the City is entitled to the costs of such work from the [Mr. McCrary]."

**Exhibit F:** Motion for Relief from Judgment

This motion, filed by Mr. McCrary in August of 2023, seeks relief from the City's judgment. Mr. McCrary, now represented by his present counsel in this case, argued that service of the City's suit had been issued to the wrong address—the same claim asserted in this case. (*See* Doc. 1, PAGE ID # 34, ¶ 124).

**Exhibit G:** Transcript of Proceedings

This transcript documents the evidentiary hearing held on Mr. McCrary's motion for relief from judgment on October 26, 2023. Testimony was presented regarding service as well as whether Mr. McCrary had a meritorious defense. The Court indicated in its comments on the record that he was served at an address where he was previously served, and that Mr. McCreary could not deny papers he recalled being provided were not the complaint.

**Exhibit H:** Entry Denying Defendant's Motion for Relief from Judgment

This entry denies Mr. McCrary's Motion "for the reasons stated on record."

***City v. Pure Development, et al.,*** Hamilton County, Ohio, Court of Common Pleas, Case No. A 2300312.

**Exhibit I:** Complaint

This complaint, filed on January 23, 2023, initiated the City's lawsuit against Plaintiff Sandra Allen, seeking relief from public nuisance activity alleged at various properties under her ownership and control.

**Exhibit J:** Agreed Declaration of R.C. 3767.41 Public Nuisance

This Agreed Declaration of R.C. 3767.41 Public Nuisance was entered following an evidentiary hearing in *City v. Pure Development* on October 19, 2023. On record at that hearing, Ms. Allen (now represented by present counsel in this matter) stipulated to a declaration that her properties at 36 and 37 E. Clifton constituted public nuisances under R.C. 3767.41. Ms. Allen agreed to a six-month timeline to make repairs, after which point she would be deemed to have "failed or refused to abate the public nuisances" and a R.C. 3767.41(C) receiver could be appointed.

**Exhibit K:** Transcript of Proceedings

This transcript documents a pre-scheduled case management with the Hamilton County Court of Common Pleas on April 19, 2024. Attorney Katchmer made several statements on record regarding the City's forthcoming motion to appoint a R.C. 3767.41 receiver. Attorney Katchmer filed this lawsuit against the City the same day.

**Exhibit L:** City's Combined Motion to Compel and to Appoint R.C. 3767.41 Receiver

On May 7, 2024, the City moved to appoint a Receiver under R.C. 3767.41 for 36 and 37 E. Clifton Avenue. It also moved to compel discovery from Ms. Allen. These motions were granted in state court on July 1, 2024.

## Category #2: Records of Demolition Referenced in the Complaint

Plaintiff Thompson claims to have owned six buildings in the City, some unspecified number of which were demolished by the City at an unspecified time. (Doc. 1, PAGE ID # 35, ¶ 139). He does not provide addresses for these buildings but refers twice to "notices of demolition" in the form of "papers attached to the buildings." *Id.*

True and accurate copies of the notices of demolition issued to Plaintiff Thompson and contemporaneous inspection notes are attached here as Exhibits M through P. These documents include:

**Exhibit M:** Demolition Notice and Inspection Notes for 1940 Kinney Avenue – Demolition Complete by October 30, 2013.

**Exhibit N:** Demolition Notice and Inspection Notes for 294 McCormick Place – Demolition Complete by April 29, 2013.

**Exhibit O:** Demolition Notice and Inspection Notes for 747 Greenwood – Demolition Complete by June 17, 2013.

**Exhibit P:** Demolition Notice and Inspection Notes for 1816 Huron – Demolition Complete by February 4, 2013.

In addition to being referenced in and central to Plaintiff Thompson's allegations against the City, these notices and notes are public records appropriate for judicial notice under Fed. Evid. R. 201. *Hancock v. Miller*, 852 Fed. App'x 914, 919 (6th Cir. 2021).

## IV.    PLAINTIFFS' ALLEGATIONS AGAINST THE CITY DEFENDANTS

Plaintiffs assert their claims against a litany of public and quasi-public entities, including the City, Hamilton County, the Port Authority of Greater Cincinnati, the Hamilton County Land Reutilization Corporation, and Cincinnati Center City Development Corporation. Various board members, elected officials, and employees are named individually, often without any allegations to follow in the body of the Complaint. The following section summarizes Plaintiffs' specific allegations against the City Defendants.

### A.  Plaintiff Vanessa Sparks

Plaintiff Sparks' allegations are limited to a single property that she used to own: 421 West McMicken Avenue. Plaintiff Sparks claims that she was "evicted" from 421 McMicken and that her property was "seized to pay delinquent taxes." (Doc. 1, PAGE ID # 33, ¶ ¶ 111-112).

The Complaint is notably silent about the timing of Plaintiff Sparks' "eviction" from 421 McMicken. However, the prior lawsuit brought by Plaintiff Sparks in 2020 and dismissed by this Court in 2021 concerned the same allegations. The complaint

in *Sparks et al. v. Cranley et al.* clarifies that Plaintiff Sparks was ordered to vacate 421 McMicken in April 2014, nearly ten years before this action was filed. (Exhibit B).

### B. Plaintiff Stanford Poole

Plaintiff Poole's allegations against the City relate to two properties under his ownership: 2143 and 2160 Rice Street. He alleges that:

- Former Building Department Inspector "Dave Longhom" (*sic*) (deceased) attempted to "cut-off water to 2160 Rice Street" at an undisclosed time. (Doc. 1, PAGE ID # 32, ¶ 100).

- Former Building Department Inspector Aaron Rice "trespassed" at 2143 Rice Street at an undisclosed time. (*Id.* at ¶ 105).

- The side of 2143 Rice Street was "destroyed" "[u]nder the direction of Defendant Dahlberg" at an undisclosed time. (*Id.* at ¶ 106).

- Notices of exterior code violations at 2160 Rice Street were issued to Plaintiff Poole in December 2023. (*Id.* at ¶ 102).

Plaintiff Poole, like Plaintiff Sparks, neglects to mention any date or time associated with most of his allegations. Yet examination of the complaint in *Sparks et al. v. Cranley et al.* demonstrates that the same accusations were brought to this Court in 2020 and dismissed. (*See* Exhibit B at 43 – 47). The only allegation Plaintiff Poole raises against the City for conduct within the last two years is that the Building Department issued a notice of violation to 2160 Rice Street for exterior code violations. (Doc. 1, PAGE ID # 32, ¶ 102).

### C. Plaintiff Denise Hill

Plaintiff Hill's portion of the Complaint consists of one substantive paragraph, in which she alleges that her "property located in the area delineated in this complaint was included in her bankruptcy estate and then purchased by her attorney who became the Hamilton County Treasurer." (Doc. 1, PAGE ID # 35, ¶ 137). Plaintiff Hill, like Plaintiff Sparks and Plaintiff Poole, was a plaintiff in *Sparks v. Cranley*. Her sparse allegations in the instant Complaint overlap those raised in prior litigation. (*See* Exhibit B at 48 – 54).

### D. Plaintiff Rodney Thompson

Plaintiff Thompson alleges that he "owned six buildings; three in Evanston, one in Mt. Auburn, one in Avondale and one in Walnut Hills." (Doc. 1, PAGE ID # 35, ¶ 139). He does not provide addresses of these buildings but insists that the City demolished an unspecified number of the buildings at an undisclosed time without sending notice to his address. (Doc. 1, PAGE ID # 36, ¶ 144). Plaintiff Thompson concedes that "notices of demolition were papers attached to the buildings." (Doc. 1, PAGE ID # 35, ¶ 142).

The notices of demolition that Plaintiff Thompson references are attached to this Motion as Exhibits M through P. These notices confirm that the City did demolish four buildings owned by Plaintiff Thompson—in 2013, more than a decade ago.

### E. Plaintiff James McCrary

Plaintiff McCrary alleges ownership of four properties in the City: 3676, 3680, 3682, and 3684 Vine Street. (Doc. 1 PAGE ID # 34, ¶ 123). He complains that notices of code violations were mailed "to an incorrect address," that he has "had his personal property seized from these addresses," and that he "has been charged with an amount exceeding $13,000.00 for clean-up on 3684 Vine Street." (*Id.* at ¶¶ 124–26).

Plaintiff McCrary's claims were previously raised and rejected in state court. *See* Exhibits D through H. These records show that the City obtained default judgment against Plaintiff McCrary authorizing it to clean 3676, 3680, 3682, and 3684 Vine Street. Plaintiff McCrary moved for relief from the City's judgment in state court, claiming (as he does here) that notices of the lawsuit and impending clean-up were mailed to an incorrect address. The Hamilton County Common Pleas court held an evidentiary hearing on the notice issue and found he was served at an address where he was previously served. The court denied Plaintiff McCrary's motion, leaving in place its prior judgment empowering the City to conduct the clean-up and collect costs for doing so. Plaintiff McCrary did not appeal the trial court's judgment or its finding that he did, in fact, receive notice of code violations and abatement.

### F. Plaintiff Sandra Allen

Plaintiff Allen alleges ownership of three properties that have been cited for "nuisance conditions" by the City. (Doc. 1, PAGE ID # 30, ¶¶ 75 – 76). She provides no address for any property. She asserts that "the City will move for a receiver to take

and sell" the properties without her input or, alternatively, that the City has "urge[d]" her to sell to an (unnamed) "developer." (*Id.* at ¶¶ 79, 81).

Yet Plaintiff Allen's claims—like those of Plaintiffs Sparks, Hills, Poole, and McCrary—are again subject to preexisting litigation. *City v. Pure Development*, is ongoing before the Hamilton County, Ohio Court of Common Pleas. (*See* Exhibits I – L). On October 25, 2023, Plaintiff Allen entered an Agreed Order concerning all three properties referenced in the Complaint. (*See* Ex. J). She committed to bring those properties into building code compliance within six months. The threat of "receivership" asserted in this Complaint is a reference to Ohio Rev. Code § 3767.41 receivership, a potential remedy that Plaintiff Allen agreed to in state court when she entered a joint declaration of Ohio Rev. Code § 3767.41 public nuisance. (Doc. 1, PAGE ID # 30, ¶ 79).

### G. Plaintiff Akil Childress

The remaining plaintiffs, including Akil Childress, allege various grievances with the Department of Buildings and Inspections.

Plaintiff A. Childress asserts that the Building Department demolished "his property," the address of which is not provided, without notice. (Doc. 1, PAGE ID # 30, ¶¶ 71 – 72). He claims to have lost various items of personal property resulting from the demolition. (*Id.* at ¶ 73). There is no allegation that Plaintiff A. Childress attempted to avail himself of administrative remedies to avoid demolition of his (unidentified) property.

### H. Plaintiff Omar Childress

Plaintiff O. Childress insists that the City demolished a fence on his property at 454 Whiteman. (Doc. 1, PAGE ID # 35, ¶ 130). He proffers no date for the alleged demolition.

Next, Plaintiff O. Childress claims that the Deputy Director of the Building Department "illegally ordered" two retired inspectors to "cut-off electricity" to his properties. (*Id.* at ¶ 131). The date when this alleged "order[ ]" issued is not provided, nor does the Complaint clarify whether an electricity shutoff actually occurred.

Finally, Plaintiff O. Childress asserts that he has been "incarcerated as a result of his complaints on this matter." (*Id.* at ¶ 132). It is unclear when Plaintiff O. Childress was incarcerated or on what charges.

### I. Plaintiff Emma Sue Long

Plaintiff Long claims that her property at 904 Findlay Street was "torn down by the City in October 2023," and further that her property at 1801 Baymiller Street was "boarded up and locked." (Doc. 1, PAGE ID # 31, ¶¶ 83, 89, 90). She accuses Building Department Inspector Kevin Rhodes of entering "her buildings without permission and contrary to the law and policy of his Department," though she does not say when the alleged trespass occurred. (*Id.* at ¶ 85).

### J. Plaintiff Charlene Berkhalter

Finally, Plaintiff Berkhalter alleges that her property at 8342 Woodbine has been "deemed vacant" and that she has paid civil fines to the City. (Doc. 1, PAGE ID # 31 – 32, ¶¶ 95 – 96). She claims to have been contacted (at an undisclosed time) by

a "City employee" (unnamed) who offered two thousand dollars to buy her property. (*Id.* at ¶ 97).

## V.   ARGUMENT

### A. The § 1983 claims of Plaintiffs Sparks, Poole, Thompson, and Hills are barred by the statute of limitations.

The statute of limitations for § 1983 claims in Ohio is set by Ohio Rev. Code § 2305.10. *See Browning v. Pendleton*, 869 F.2d 989, 992 (6th Cir. 1989). To plead a plausible § 1983 claim, an Ohio plaintiff must allege that their claim accrued within two years of filing. *See* Ohio Rev. Code § 2305.10; *Basista Holdings, LLC v. Ellsworth Twp.*, 710 F. App'x 688, 691 (6th Cir. 2017).

These Plaintiffs' failure to allege that the conduct complained of falls within the statute of limitations prevents their claims from crossing the key threshold "from conceivable to plausible," as discussed later in this Motion. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). But the discrepancies noted above pale in comparison to the seemingly strategic omission of dates and times associated with Plaintiffs Sparks, Poole, Hills, and Thompson, which—if pled—would have demonstrated that these Plaintiffs' claims fall far outside the statute of limitations for § 1983 claims.

The documents attached to this Motion, all of which are proper for judicial notice under Fed. Evid. R. 201, demonstrate that Plaintiffs Sparks, Poole, and Hills raised identical claims in their September 2020 lawsuit, meaning that their claims were at least four years old when this case was filed. *See* Exhibit A. The supposed "eviction" of Plaintiff Sparks took place in 2014, almost ten years ago. *Id.* at 21.

Likewise, the City's demolition of four properties owned by Plaintiff Thompson took place in 2013, more than a decade ago.

There is no good-faith argument to be made that the § 1983 claims of Plaintiffs Sparks, Poole, Hills, and Thompson are brought within the two-year Ohio Rev. Code § 2305.10 statute of limitations, and no basis for equitable tolling has been pled.

**B. This Court does not have jurisdiction to reverse the final state court judgment against Plaintiff McCrary.**

The relief sought by Plaintiff McCrary would require this Court to unwind a final, unappealed judgment of the Hamilton County, Ohio Court of Common Pleas. This Court does not possess jurisdiction to do so.

Federal courts lack jurisdiction to review a case litigated and decided in state court. *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923); *Patmon v. Michigan Supreme Court*, 224 F.3d 504, 506-07 (6th Cir.2000). A party raising a federal question must appeal a state court decision through the state system and then proceed directly to the Supreme Court of the United States. *Feldman*, 460 U.S. at 483 n. 16; *Rooker*, 263 U.S. at 415-16; *United States v. Owens*, 54 F.3d 271, 274 (6th Cir. 1995).

Federal courts also lack jurisdiction to review constitutional claims that are inextricably intertwined with the state court's decision. *Feldman*, 460 U.S. at 486-87; *Patmon*, 224 F.3d at 509-10. While parties can collaterally allege that a law or statute is unconstitutional, plaintiffs cannot relitigate in federal court the application of those laws from state court proceedings. *Jenkins v. City of Burlington*, 2011 U.S. Dist. LEXIS 51706, at *12 (E.D. Ky. May 12, 2011). *See also Patmon*, 224 F.3d at 509-10;

*Catz v. Chalker*, 142 F.3d 279, 293 (6th Cir. 1998) (finding plaintiff may challenge state court proceedings in federal court, but not assert a general constitutional challenge to a state law).

Here, Plaintiff McCrary alleges that notice of code violations was mailed to him at "an incorrect address"; that his personal property was "seized" from 3676, 3680, 3682, and 3684 Vine Street; and that the City has invoiced him for the cost of "clean-up" at his properties. (Doc. 1, PAGE ID # 34, ¶¶ 123-27). All three complaints are squarely addressed by the final orders of the Hamilton County Court of Common Pleas attached as Exhibits F and H. The court held a full evidentiary hearing on Mr. McCrary's contention that he had not received notice: it found no deficiencies in the notice. The court specifically authorized the City to perform a clean-up of Mr. McCrary's lots and invoice him for the cost of doing so. (Exhibit H at ¶¶ 9-10).

Plaintiff McCrary and his counsel chose not to appeal the judgment against him in the Hamilton County Court of Common Pleas. This action is a collateral attack on that judgment in federal court, and his claims against the City and its employees should be dismissed for lack of jurisdiction. Moreover, Plaintiff McCrary's appearance in these state court proceedings means it is impossible for him to have had "no notice" of the abatement, as the Complaint alleges. (Doc. 1, PAGE ID # 43, ¶ 127). At the Court's discretion, the City would again welcome the opportunity to brief sanctions regarding legal counsel's misrepresentation of proceedings in which he directly participated.

**C. The claims of Plaintiff Allen are barred by *Younger* abstention.**

Like Plaintiff McCrary, Plaintiff Allen was represented by counsel in this case in an Ohio state court proceeding involving the same properties and underlying events as this lawsuit. Unlike Plaintiff McCrary, Plaintiff's Allen's lawsuit is ongoing, such that this Court must abstain from hearing her claims.

When a federal lawsuit threatens "undue interference with state proceedings," the "proper course is for the federal court to abstain from hearing the action." *Sprint Communications, Inc. v. Jacobs*, 571 U.S. 69, 72, 134 S.Ct. 584, 187 L.Ed.2d 505 (2013), quoting *Younger v. Harris*, 401 U.S. 37, 44, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971). This doctrine, referred to as *Younger* abstention, applies in three circumstances: 1) when there is an ongoing state criminal prosecution; 2) when there is a civil enforcement proceeding that is "akin to [a] criminal prosecution[]"; and 3) when there is a civil proceeding involving orders uniquely in furtherance of state court judicial functions. *Aaron v. O'Connor*, 914 F.3d 1010, 1016 (2019), citing *Sprint*, 571 U.S. at 72.

The second *Younger* abstention scenario applies squarely to the claims of Plaintiff Allen in this case. The City's complaint in *City v. Pure Development*, attached here as Exhibit I, seeks to enforce its health, safety, and building code standards through Ohio Rev. Code § 3767.41 at the same properties subject to this litigation. This type of lawsuit is the quintessential civil enforcement proceeding that triggers *Younger* abstention. Indeed, *Huffman v. Pursue, Ltd*., the landmark United Supreme Court case extending *Younger* to civil enforcement proceedings, arose out of an Ohio

state court proceeding under Revised Code Chapter 3767: the very same chapter at issue in Plaintiff Allen's ongoing state case. 420 U.S. 592, 594 (1975).

Plaintiff Allen has raised no allegations of constitutional violation in *City v. Pure Development*, as counterclaims or otherwise. In fact, Plaintiff Allen stipulated in open court to a declaration that her properties qualified as public nuisances under R.C. 3767.41. (*See* Exhibit J). The state court has appointed a receiver as of July 1, 2024, to abate the nuisance conditions at her properties because she failed to abate nuisance conditions within six months as she agreed to do.

### D. The remaining claims of Plaintiffs A. Childress, Long, Berkhalter, O. Childress, and Poole lack factual allegations to state a claim for relief under 42 U.S.C. § 1983.

Remaining Plaintiffs A. Childress, Long, Berkhalter, O. Childress, and Poole raise various grievances with code enforcement activities by the City's Department of Buildings and Inspections. Allegations range from issuance of code enforcement orders and fines, to a City-demolished fence, to various demolished buildings.

But it is not enough for Plaintiffs to complain that the City took code enforcement action against their properties. The City holds inherent authority to do so. *See* Ohio Rev. Code § 715.26; 715.261. Rather, to state a claim under 42 U.S.C. § 1983, Plaintiffs must allege that the specific action taken against them deprived them of a constitutional or federal statutory right. *Fritz v. Charter Twp. Of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010). *See also Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (Section 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred[.]'")

Here, Plaintiffs couch their claims in the language of equal protection, takings, and a "conspiracy to violate civil rights." (Doc. 1, PAGE ID # 39). Yet no Plaintiff pleads the requisite facts to support these alleged constitutional violations.

Plaintiff A. Childress, for example, complains that the City demolished "his property," the address of which is not provided, without notice. (Doc. 1, PAGE ID # 30, ¶¶ 71, 72). His failure to provide an address is fatal to his claim: a plaintiff cannot state a plausible claim of unconstitutional code enforcement without at least pleading where the offending code enforcement activity occurred. *See Armstrong v. Shirvell*, 596 F. App'x 433, 444 (6th Cir. 2015) ("While plaintiffs need not provide every fact that may be raised at trial in their complaint, they must at least give sufficient facts to support their claims.") Without the essential facts of an alleged violation of a constitutional right, the City – and this Court – are unable to evaluate whether Plaintiffs have satisfied any of the prerequisites for bringing a § 1983 claim for denial of a constitutional right.

But even if Plaintiff A. Childress stated which building the City demolished, he makes no allegation that the City did not follow proper legal processes in doing so. He does not claim that the City failed to attempt service in a method reasonably calculated to reach him, nor that it offered insufficient opportunity for him to administratively contest the demolition. *See Keene Group, Inc. v. City of Cincinnati*, 998 F.3d 306, 311-316 (2021) (where notice was reasonably calculated to reach owner and owner raised no other due process challenge to condemnation proceedings, Civ. R. 12(B)(6) dismissal of claim for unconstitutional demolition was appropriate).

Plaintiff A. Childress does not allege that the City pursued demolition because of his membership in a protected class, nor that it declined to pursue the same action against similarly situated property owners. *See Stemler v. City of Florence,* 126 F.3d 856, 873 (1997) (to state a claim for selective enforcement, "it is an absolute requirement that the plaintiff make at least a *prima facie* showing that similarly situated persons outside [their] category were not prosecuted").

Plaintiffs Long, Berkhalter, O. Childress, and Poole likewise omit allegations to establish equal protection or due process violations. They complain that the City took code enforcement action against their properties, but do not contest the presence or legitimacy of underlying code violations (as evidenced by their own failure to appeal the violations themselves). They insist their property has been unconstitutionally taken, but they identify no defect in the City's notice and administrative appeal process, facially or as-applied.[1] Plaintiff O. Childress claims to have been incarcerated—but offers no charges or any arrest, conviction, or release dates. (Doc. 1, PAGE ID # 35, ¶ 132). Plaintiff Long claims that unnamed City employees trespassed on her land—but does not say when or even which buildings were supposedly entered. (Doc. 1, PAGE ID # 31, ¶ 85). Finally, despite Plaintiffs'

---

[1] The Cincinnati Municipal Code requires notice by mail and posting at the address. *See* C.M.C. Sec. 1101-61 (requiring for notices of violation "where, for any other reason, personal service or service by mail cannot be made, the notice shall be posted in a conspicuous place on the premises."); C.M.C. Sec. 1101-57 (requiring notice of demolition to be mailed by certified U.S. mail to the tax mailing address, publication and posting at the subject premises). The Sixth Circuit has held that posting notice, absent knowing a better address, is constitutionally sufficient. *Keene Group, Inc. v. City of Cincinnati*, 998 F.3d 306, 313 (6th Cir.2021)

claims of race discrimination, no Plaintiff identifies a similarly situated property owner of a different race who did not face the same code enforcement action.

Because Plaintiffs fail to plead sufficient facts to establish any violation of a constitutional or statutory right, their 42 U.S.C. § 1983 claims fail as a matter of law and should be dismissed.

### E. Plaintiffs' Complaint fails to plead *Monell* liability.

A municipality is not vicariously liable for the unconstitutional actions of its employees or agents. *Gregory v. Shelby Cnty., Tenn.*, 220 F.3d 433, 441 (6th Cir. 2000) (citing *Monell v. Dep't of Social Srvs. of City of New York*, 436 U.S. 658, 694 (1978)). Instead, a local government entity can be held liable for a constitutional violation under § 1983 only when that violation can be attributed to the enforcement of a local government policy or custom. *See Monell*, 436 U.S. at 694; *City of Canton v. Harris*, 489 U.S. 378 (1989), syllabus. A successful *Monell* claim necessarily includes two components: 1) a violation of the plaintiff's constitutional rights; and 2) "a municipal 'policy' or 'custom' [that] is the moving force behind the constitutional violation." *City of Canton*, syllabus at 2(b). *See Monell*, 436 U.S. at 694.

For all the reasons stated above, Plaintiffs' Complaint fails to allege any plausible constitutional violation. But even if it had, Plaintiffs cannot prevail in their § 1983 claims because the Complaint does not allege any municipal policy or custom that was the moving force behind their alleged deprivations.

*Monell* plaintiffs may pursue four avenues to demonstrate a policy or custom: (1) official legislative enactments or agency policies; (2) actions taken by officials with

final decision-making authority; (3) inadequate training or supervision; or (4) a custom of tolerance for violations of federal rights. *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir.2005), citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 480, 89 L. Ed. 2d 452, 106 S. Ct. 1292 (1986); *Stemler v. City of Florence*, 126 F.3d 856, 865 (6th Cir. 1997); *Doe v. Claiborne County*, 103 F.3d 495, 507 (6th Cir. 1996). No matter which avenue a plaintiff pursues, they must satisfy "rigorous standards of culpability and causation." *Mize v. Tedford*, 375 F. App'x 497, 500 (6th Cir. 2010). To survive a motion to dismiss, plaintiffs "must adduce specific facts supporting their claim; conclusory allegations are insufficient." *See Speedy Mulch LLC v. Gadd*, 2006 U.S. Dist. LEXIS 6661, at *16 (S.D. Ohio Feb. 22, 2006) (citations omitted).

The Complaint makes no discernible attempt to plead a municipal policy or custom as the moving force behind Plaintiffs' injuries. Indeed, the word "policy" appears in just two paragraphs. First, Plaintiffs reference an unrelated 2020 lawsuit about the City's tax abatement policy (Doc. 1, PAGE ID # 27, ¶ 48). Second, they allege that a City inspector entered Plaintiff Long's building "*contrary to* law and policy of his Department" (Doc. 1, PAGE ID # 31, ¶ 85) (emphasis added). There is no reference to training or supervision of municipal employees (or lack thereof).

With no plausible allegations of a municipal policy or custom, there can be no liability for the City. Plaintiffs' § 1983 claims against the City do not satisfy the *Monell* standard and should be dismissed.

**F. The City and its employees have immunity from Plaintiffs' tort claims under Ohio Revised Code Chapter 2744.**

Once Plaintiffs' § 1983 claims are disposed of, the Complaint is left with three claims for intentional torts: civil conspiracy; extortion; and Civil RICO.[2]

Ohio municipalities are categorically immune from intentional tort claims under Ohio Rev. Code § 2744.02. *Walsh v. Village of Mayfield*, 8th Dist. Cuyahoga No. 92309, 2009-Ohio-2377, ¶ 11 ("As the Ohio Supreme Court has held, under R.C. 2744.02, political subdivisions are immune from intentional torts.") citing *Wilson v. Stark Cty. Dept. of Human Services*, 70 Ohio St.3d 450, 1994 Ohio 394, 639 N.E.2d 105. *See also Williams v. McFarland Properties, LLC*, 177 Ohio App.3d 490, 2008-Ohio-3594, 895 N.E.2d 208, ¶ 11 (12th Dist.) ("[P]olitical subdivisions are immune under R.C. 2744.02 from intentional tort claims."); *Hubbard v. Canton City School Bd. of Edn.*, 97 Ohio St.3d 451, 2002 Ohio 6718, 780 N.E.2d 543 (2002) (same); *City of Cincinnati v. City of Harrison*, 1st Dist. Hamilton No. C-130195, 2014-Ohio-2844, ¶ 28 (same). R.C. 2744.02(B) enumerates certain exceptions for negligent acts, but "[t]here are no exceptions to immunity for [ ] intentional torts." *Wilson v. Stark Cty. Dept. of Human Serv.*, 70 Ohio St.3d 450, 639 N.E.2d 105 (1994).

Here, all three of Plaintiffs' remaining claims sound in intentional tort. There is no exception Plaintiffs can plead to escape Ohio Rev. Code § 2744.02 immunity. *See Holimon v. Sharma*, 2021-Ohio-3840, 180 N.E.3d 1226, ¶ 18 (1st Dist.) (failure to

---

[2] Plaintiffs' final cause of action is labeled their "seventh," however, it appears that cause-of-action number six is missing.

plead an exception to Ohio Rev. Code § 2744.02 immunity will result in dismissal of a plaintiff's intentional tort claim).

Similarly, employees of political subdivisions are entitled to tort immunity unless an exception applies. When a governmental function is being performed, an employee is entitled to a presumption of immunity. *Johari v. City of Columbus Police Dept.*, 186 F.Supp.2d 821, 831 (S.D. Ohio 2002). Immunity applies under Ohio Rev. Code § 2744.03(A)(6) unless: (a) the employee's acts or omissions were manifestly outside the scope of employment; (b) the employee's acts or omissions were with malicious purpose, in bad faith, or in a wanton or reckless manner; or (c) civil liability is expressly imposed upon the employee by a section of the Revised Code.

The Complaint contains no allegations of City employees performing non-governmental functions. The City and its employees are immune from Plaintiffs' intentional tort claims and the Complaint should be dismissed in full.

## G. Plaintiffs' claims against individual City employees are barred by qualified and legislative immunity.

Finally, Plaintiffs' claims against City employees are still duplicative of their claims against the City and barred.

Plaintiffs purport to sue all City employees in both individual and official capacity. Yet "an official-capacity suit is in all respects other than name, to be treated as a suit against the entity." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). Plaintiffs' official capacity claims against individual City employees fail for all the same reasons that their claims against the City fail, discussed at length above.

As to the claims brought against City employees in their personal capacity, the doctrine of qualified immunity provides that, in civil suits for monetary damages, government officials acting in their official capacity and performing discretionary functions are shielded from liability "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *McLaurin v. Morton*, 48 F.3d 944, 947 (6th Cir. 1995), citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S. Ct. 2727 (1982). To overcome immunity, claimants must show (1) that officials violated their constitutional rights and (2) that the constitutional right at issue is "sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Flaskamp v. Dearborn Pub. Schs*, 385 F.3d 935, 940-41 (6th Cir. 2004), citing *Saucier v. Katz*, 533 U.S. 194, 202, 121 S. Ct. 2151, 150 L. Ed. 2d 272 (2001).

In this case, the body of the Complaint contains no allegations against Councilmembers, the Mayor, or the City Manager *at all*—let alone allegations of wrongful conduct. The only arguable references to these actors involve legislative approval of certain development projects, actions for which local elected officials possess absolute legislative immunity. *R.S.W.W., Inc. v. City of Keego Harbor*, 397 F.3d 427, 437 (6th Cir. 2005) (local legislators are entitled to absolute immunity when acting in their legislative capacities). No Plaintiff plausibly asserts that any Councilmember, the Mayor, or the City Manager personally violated their constitutional rights.

Plaintiffs at least identify some Building Department officials by name in the body of their Complaint. But once again, Plaintiffs fail to establish any plausible claim that a Building Department employee violated their constitutional rights. There are no allegations that an individual City Defendant discriminated against any Plaintiff on the basis of race. Supposed "order[s]" to cut off a Plaintiff's electrical service (Doc. 1, PAGE ID # 35, ¶ 131) or "foreclos[e]" (Doc. 1, PAGE ID # 33, ¶ 114) on a Plaintiff's residence are unaccompanied by dates, times, or any explanation of how a City employee could even engage in the complained-of conduct.

Plaintiffs' cryptic accusations of "trespass" are likewise unadorned by dates and times, and there is no corresponding Fourth Amendment claim. (*See* Doc. 1, PAGE ID # 31, ¶ 86; PAGE ID # 32, ¶ 10). With no plausible allegations that an individual municipal official violated Plaintiffs' constitutional rights, Plaintiffs' Complaint cannot overcome qualified immunity, and all individual City employees should be dismissed. *Flaskamp*, 385 F.3d at 940-41.

## VI. Conclusion.

Plaintiffs' Complaint is hopelessly defective. Claims are pled well outside the statute of limitations; omit prior legal proceedings; and articulate no constitutional violation. As in *Sparks v. Cranley*, "plaintiffs have failed to allege *any* facts showing how *any* of the defendants participated in *any* alleged violation of constitutional or statutory rights." 2021 U.S. Dist. LEXIS 180961, *5 (S.D. Ohio) (March 5, 2021) (emphasis in original). The City Defendants respectfully request this Court to dismiss the claims against them in full.

Respectfully submitted,

**EMILY SMART WOERNER (0089349)**
**CITY SOLICITOR**

*/s/ Mark Manning*
Mark Manning (0088331)
Matthew Slovin (0102029)
Assistant City Solicitors
801 Plum Street, Room 214
Cincinnati, OH 45202
Phone: 513-352-4576
Mark.Manning@cincinnati-oh.gov
Matthew.Slovin@cincinnati-oh.gov
*Counsel for City Defendants*

## CERTIFICATE OF SERVICE

I certify that on August 23, 2024, a true and accurate copy of the foregoing motion was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system and copies will be mailed to those parties who are not served via the Court's electronic filing system. Parties may access this filing through the Court's system.

*/s/ Mark Manning*
Mark Manning (0088331)