**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT CINCINNATI**

| | | |
|---|---|---|
| **AKIL CHILDRESS, et al.,** | ) | |
| | ) | **Case No. 1:24-cv-00214** |
| **Plaintiffs,** | ) | |
| | ) | **Judge Douglas R. Cole** |
| **-v-** | ) | |
| | ) | **PORT AUTHORITY DEFENDANTS' MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(6)** |
| **CITY OF CINCINNATI, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

Now come Defendants Port of Greater Cincinnati Development Authority ("Port Authority") and its managed entity the Hamilton County Land Reutilization Corporation ("HCLRC"), as well as Laura Brunner, Phillip Denning, Rick Hudson, Todd Castellini, William Fischer, Jilson Daniels, Rahiel Michael, Mark Quarry, Tom Weidman, and Molly North (the "Individual Port Authority Defendants," and together with the Port Authority and HCLRC, the "Port Authority Defendants"), and hereby move to dismiss Plaintiffs' claims against the Port Authority Defendants pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiffs' claims against them are frivolous and do not support claims that can be granted under Ohio or federal law. The Port Authority Defendants respectfully request the Court grant this Motion to Dismiss and dismiss Plaintiffs' claims against the Port Authority Defendants with prejudice.

In addition to the reasons for dismissal set forth in the Memorandum in Support below, the Port Authority Defendants incorporate by reference the Motion to Dismiss filed on behalf of the City Defendants and the 3CDC Defendants, and further request dismissal of Plaintiffs' claims against them on the grounds set forth in those motions and supporting memoranda.

Respectfully submitted,

*/s/ Brian P. Muething*
Brian P. Muething (0076315)
Ali Miller Redlinger (0101579)
KEATING MUETHING & KLEKAMP PLL
One E. Fourth Street, Suite 1400
Cincinnati, Ohio 45202
Tel: 513.579.6400
Fax: 513.579.6457
bmuething@kmklaw.com
aredlinger@kmklaw.com

*Counsel for the Port Authority Defendants*

## MEMORANDUM IN SUPPORT

### I. INTRODUCTION

Plaintiffs' Complaint is frivolous. Not in the way that some defendants may hyperbolically protest, but in an extreme and profound way, where the nonsense and implausibility jumps off the page and leaves a reasonable reader with no other conclusion.

Plaintiffs' Complaint is rambling. They plead no specific facts that support their claims. The allegations, such as they are, fail to distinguish among the 72 or so Defendants that they have sued and, in some places, fail to form complete or coherent sentences. Not a single allegation states a specific act or omission that damaged any Plaintiff in any way – much less how it could be the fault of a Port Authority Defendant.

Plaintiffs' Complaint alleges no plausible facts—nothing even approaching plausible facts—against the Port Authority nor its hard-working employees; rather, they appear to have been named here simply because they work for or serve an organization that Plaintiffs apparently don't care for.[1]

For the reasons described below—and for those reasons urged by other Defendants, arguments that the Port Authority joins in full and incorporates by reference—Plaintiffs' Complaint should be dismissed with prejudice.

[1] This action marks the ***fifth*** frivolous lawsuit brought against the Port Authority Defendants by several of these same Plaintiffs and/or Plaintiffs' counsel. *See Hmoud, et al v. City of Cincinnati, et al*, 1:23-cv-00187 (dismissed); *Smith et al v. Manley, Deas, and Kochalski, LLC, et al.*, 2:21-cv-00931 (dismissed); *Sparks, et al. v. Cranley, et al.*, 1:20-cv-00713 (dismissed), and *Hill v. Goering, et al,*, 1:18-cv-0052 (dismissed). The repetition is harassing, vexatious, and bad faith. The Port Authority Defendants reserve all rights in this regard.

## II. BACKGROUND

On April 19, 2024, eight Plaintiffs, all of which own property in the Over-the-Rhine, Mt. Auburn, and West End communities in Cincinnati, Ohio, filed this action against 72 different Defendants. (Compl., ¶¶ 66, 75, 84, 93, 99, 110, 123, 129, 137, 139.) The named Defendants fall into four "buckets" of Defendants: (1) the City of Cincinnati and many if its executives, council members, and employees; (2) the Port Authority and many of its executives and employees, as well as its managed entity, the HCLRC; (3) the non-profit Cincinnati Center City Development Corporation ("3CDC") and many of its employees and representatives; and (4) Hamilton County elected officials, including members of the Board of Commissioners and the county Treasurer, and other individuals who either currently serve or formerly served on the board of directors of the HCLRC. (*See* Compl.)

Two of those four buckets are relevant to this Motion to Dismiss and need further identification:

- The Port Authority is a body corporate and politic, organized and existing under Ohio Rev. Code Chapter 4582. The Port Authority also operates as the management company for HCLRC.
- HCLRC is an Ohio non-profit corporation, organized and existing under Ohio Rev. Code Chapters 1702 and 1724 and operates as a land reutilization corporation under Ohio Rev. Code Chapter 5722.

- The Port Authority Individual Defendants comprise two subgroups: (a) leadership executives and employees of the Port Authority and (b) appointed (non-elected) members of the HCLRC Board of Directors.[2]

Each of the Port Authority and HCLRC are considered political subdivisions for the purpose of sovereign immunity under Ohio Rev. Code Chapter 2744.

Generally, Plaintiffs allege six causes of action (three constitutional claims under 42 U.S.C. § 1983 and three intentional tort claims) arising from the myriad code violations found at Plaintiffs' properties, fines issued against Plaintiffs for those code violations, and the subsequent demolition of some of Plaintiffs' properties. Plaintiffs reject the notion that their properties were dilapidated and constituted public nuisances, and instead allege they were targeted in "predatory and discriminatory" ways "[t]o facilitate its gentrification" of the Over-the-Rhine, Mt. Auburn, and West End areas. (Compl., ¶¶ 41, 150.) Plaintiffs now seek an award of: $4,200,000 in compensatory damages, $13,200,000 in treble damages, and $10,000,000 in punitive damages against all Defendants. (*Id*. at ¶178.) In total, the eight Plaintiffs seek a total award of $27,400,000. (**See id**.)

Specific to this Motion, Plaintiffs bring their claims against the Port Authority, HCLRC, Laura Brunner (Port Authority President and CEO), Phillip Denning (Port Authority Executive Vice President), Rick Hudson (Port Authority CFO), Todd Castellini (Port Authority Senior Vice President of Public Finance), Rahiel Michael (Port Authority Vice President of Government and Community Affairs), Jilson Daniels (Port Authority Senior Vice President of Economic Equity), William Fischer (recently retired Port Authority Vice President of Community Development),

[2] Elected officials serving on the HCLRC board of directors, while named in Plaintiffs' Complaint, are separately represented by their respective government attorneys. To the extent they have been named solely in their capacity as HCLRC board members, this Motion should be deemed to apply to them as well.

Mark Quarry (Hamilton County Municipal League and former HCLRC board member), Tom Weidman (current HCLRC board member), and Molly North (former HCLRC board member). (*See* Compl.) Despite Plaintiffs' ludicrous damages demand against all Defendants, including the Port Authority Defendants, Plaintiffs fail to allege any specific harm the Port Authority Defendants—either individually or collectively—caused Plaintiffs. (*See* Compl. at ¶¶ 65-145.) In fact, of the approximately 145 factual allegations contained in the Complaint (outside of the causes of action), the Port Authority and HCLRC are only specifically mentioned on 10 and 4 occasions, respectively. (*See id.* at ¶¶ 9, 10, 17-19, 22-24, 42, 57-58, 61.) And each of those combined 14 factual allegations against the Port Authority Defendants only fall within the "Parties" or "Background" sections of Plaintiffs' Complaint. While identifying them as parties, the Complaint never alleges any entity or individual harmed any Plaintiffs in any direct, particularized way.

## III. LEGAL STANDARD

To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), a plaintiff must allege a "sufficient factual matter . . . to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up). While a "plausible" claim for relief does not require a showing of probable liability, it requires more than "a sheer possibility that a defendant has acted unlawfully." *Gulenga v. Field Off. Dir.*, No. 1:23-cv-213, 2024 U.S. Dist. LEXIS 11730, *8 (S.D. Ohio Jan. 23, 2024) (quoting *Iqbal*, 556 U.S. at 678). While the Court is required to accept factual allegations as true at the pleading stage, a plaintiff cannot rely upon "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" to overcome a Rule 12(b)(6) motion. *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

## IV. ARGUMENT

### A. Ohio Law Bars Plaintiffs' Claims against the Individual Port Authority Defendants

As an initial matter, Plaintiffs' claims against the Individual Port Authority Defendants fail as a matter of law because each is either (i) an employee of a "body corporate" (as to the Port Authority) or (ii) a board member of a non-profit corporation (specifically, HCLRC).

With respect to those Individual Port Authority Defendants who are employees of the Port Authority,[3] Ohio law is clear:

> A corporate officer. . . may not be held liable merely by virtue of his status as a corporate officer. Rather, the true basis of liability is the officer's violation of some duty owed to the third person which injures such third person. In other words, the evidence presented must indicate that the corporate officer specifically directed the particular act to be done, or participated, or co-operated therein.

*Roberts v. RMB Enters.*, 967 N.E.2d 1263, 1274 (Ohio Ct. App. 2011) (quoting *Mohme v. Deaton*, No. CA2005-12-133, 2006 Ohio App. LEXIS 7021, at *8 (Ohio Ct. App. Dec. 28, 2006); *Young v. Featherstone Motors, Inc.*, 124 N.E.2d 158, 166 (Ohio Ct. App. 1954)) (internal citations cleaned up).

With respect to those Individual Port Authority Defendants who are members of the HCLRC board of directors, the Ohio Revised Code is equally clear: "[T]he directors . . . of a [non-profit] corporation shall not be personally liable for any obligation of the corporation." Ohio Rev. Code § 1702.55(A).

Here, none of the Individual Port Authority Defendants (or the entities they represent) are alleged to have committed any of the specific acts alleged in the Complaint. In fact, none of the

[3] *See* Ohio Rev. Code § 4582.21(A) (defining an Ohio port authority as a "body corporate" such that Ohio case law on corporations applies).

Individual Port Authority Defendants are mentioned by name in the factual allegations ***at all,*** let alone in connection with any alleged constitutional, statutory, or common law violations. Accordingly, there are no exceptions at law or equity to Ohio's clear and unequivocal prohibitions on imposing liability on employees and board members merely by virtue of their status as employees and board members. And that is all that Plaintiffs claim here: liability by association and job title and nothing more. Therefore, Plaintiffs' claims against the Individual Port Authority Defendants must fail as a matter of law.

### B. Plaintiffs' Constitutional Claims Fail to Allege Sufficient Particularity to Overcome this Motion to Dismiss

Plaintiffs first bring three constitutional deprivation claims (ostensibly under, while not explicitly invoking, 42 U.S.C. § 1983) against the Port Authority Defendants for: (1) violation of the Equal Protection Clause of the Fourteenth Amendment, (2) Deprivation of Property Rights without Just Compensation or Due Process of Law in violation of the Fifth Amendment, and (3) Conspiracy to Violate Plaintiffs' Civil Rights.[4] (Compl., ¶¶ 146-163.)

"To state a claim under 42 U.S.C. § 1983, a plaintiff must set forth facts that, when construed favorably, establish (1) the deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under color of state law." *Sigley v. City of Parma Heights*, 437 F.3d 527, 533 (6th Cir. 2006). The Sixth Circuit "has consistently held that damages claims against government officials arising from alleged violations of constitutional rights must allege, ***with particularity***, facts that demonstrate ***what each defendant did to violate the asserted constitutional right.***" *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008) (emphasis added). To survive a motion to dismiss, "it is not enough for a complaint under § 1983 to contain mere

[4] HCLRC is named only in the third of these three constitutional claims.

conclusory allegations of unconstitutional conduct by persons acting under color of state law. Some factual basis for such claims must be set forth in the pleadings . . ." *Vaughn v. U.S. SBA*, 65 F.3d 1322, 1327 (6th Cir. 1995).

First, other than listing the Individual Port Authority Defendants by name in the outset of the Complaint and identifying some of them in the causes of action as "Port Officers," Plaintiffs fail to make a single factual allegation against the Individual Port Authority Defendants regarding their personal involvement in allegedly violating Plaintiffs' constitutional rights. Outside of those identified as "Port Officers," the other Individual Port Authority Defendants (those named by virtue of their status as current or former HCLRC board members) are named ***nowhere*** beyond the Complaint's caption or "Parties" section. In fact, other than the (false) allegations contained in the "Background" to the Complaint, Plaintiffs fail to allege any of their harm was caused by the Port Authority generally, let alone the Individual Port Authority Defendants.

This Court has previously held that, when a complaint only lists the named defendants in the caption but fails "to allege specific actions each defendant allegedly took to violate [a plaintiff's] rights[,]" such complaint fails to state a claim upon which relief may be granted against individual defendants. *Tsibouris v. Colerain Twp.*, No. 1:22-cv-458, 2022 U.S. Dist. LEXIS 15549, at *8 (S.D. Ohio Aug. 27, 2022), *report and recommendation adopted by* 2023 U.S. Dist. LEXIS 176462 (S.D. Ohio Sept. 30, 2023). Thus, Plaintiffs' failure to allege any facts showing how each Individual Port Authority Defendant participated in the alleged violation of their constitutional rights warrants dismissal of Plaintiffs' Section 1983 claims against the Individual Port Authority Defendants.

Additionally, Plaintiffs fail to allege that the Port Authority or HCLRC deprived Plaintiffs of a constitutional right. Rather, Plaintiffs include only a combined 14 factual allegations (out of

145) addressing either the Port Authority or HCLRC. (See Compl., ¶¶ 177-19, 22-24, 42, 57-58, 61.) These factual allegations are only in the "Parties" or "Background" section of the Complaint. In fact, the Complaint contains no descriptions of ***any*** conduct by the Port Authority, HCLRC, or their agents directed towards Plaintiffs or their constitutional rights. Thus, Plaintiffs provide no factual basis for their constitutional claims against the Port Authority or HCLRC and instead only rely on "mere conclusory allegations of unconstitutional conduct" within the specific causes of action. *See Vaughn*, 65 F.3d at 1327.

Plaintiffs cannot overcome these deficiencies in their attempts to allege deprivations of their Equal Protection Rights (First Cause of Action), Property Rights without Just Compensation or Due Process of Law (Second Cause of Action), and conspiracy to violate Plaintiffs' civil rights (Third Cause of Action). Accordingly, each of these causes of action fail to state a claim upon which relief may be granted as to the Port Authority, HCLRC, and the Individual Port Authority Defendants, and each must be dismissed.

### C. Plaintiffs' Intentional Tort Claims Must Be Dismissed as Insufficiently Pled or Barred by Ohio Law

Plaintiffs also allege three intentional tort claims seemingly against all Defendants, including the Port Authority, HCLRC, and the Individual Port Authority Defendants: (1) civil conspiracy, (2) extortion, and (3) civil racketeering ("RICO") pursuant to 96 U.S.C. § 1962. (Compl., ¶¶ 164-177.) None are adequately pled to withstand this Motion to Dismiss, and even if one of these tort claims were sufficiently pled, all Port Authority Defendants are immune from such claims.

(1) To adequately plead a civil conspiracy claim, a plaintiff must allege "an agreement between two or more persons to injure another by unlawful action." *Spadafore v. Gardner*, 330

F.3d 849, 854 (6th Cir. 2003) (quoting *Hooks v. Hooks*, 771 F.2d 935, 943-44 (6th Cir. 1985)).[5] "It is well-settled that conspiracy claims must be pled with some degree of specificity and that vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim." *Id.* (quotations omitted).

Like Plaintiffs' constitutional claims, Plaintiffs' civil conspiracy claim fails to state a claim upon which relief may be granted as to the Port Authority, HCLRC, and the Individual Port Authority Defendants. First, while Plaintiffs attempt to claim that the City, the Port Authority, 3CDC and HCLRC have "agreed to pursue the discriminatory and predatory practices" alleged throughout the Complaint, Plaintiffs fail to allege an actual, specific, and identifiable agreement between Defendants. (Compl., ¶ 166.) Plaintiffs' allegations state "merely a legal conclusion that [the federal courts] do not accept as true." *Kinney v. Anderson Lumber Co.*, No. 18-5146, 2018 U.S. App. LEXIS 26102, at *8 (6th Cir. Sept. 13, 2018). In fact, the Complaint "does not contain specific allegations of a plan or agreement between the defendants . . . to violate [Plaintiffs'] constitutional rights." *Id*. This failure warrants dismissal of Plaintiffs' civil conspiracy claim against the Port Authority and HCLRC.

Similarly, Plaintiffs fail to allege that any agreement existed between any of the Individual Port Authority Defendants with any other Defendant. Rather, Plaintiffs solely allege that "[a]ll Defendants maliciously combined and agreed" to deprive Plaintiffs' of their property. (Compl., ¶ 166.) However, this single allegation as to all named Defendants is nothing more than a "threadbare recital of the elements" of civil conspiracy. *See Iqbal*, 556 U.S. at 678. Such allegation fails to satisfy the plausibility standard outlined in *Iqbal* and *Twombly*, let alone the heightened

[5] Although the cited case deals with 42 U.S.C. § 1983, the Complaint does not adequately explain whether § 1983 is, in fact, the vehicle by which civil conspiracy is being claimed.

pleading standard applied to civil conspiracy claims. Thus, Plaintiffs fail to state an adequate claim for relief against the Individual Port Authority Defendants for civil conspiracy.

(2) Next, Plaintiffs bring an extortion claim under Ohio Rev. Code § 2307.60(A)(1), which provides for civil remedy from a criminal act, and Ohio Rev. Code § 2905.11, the criminal extortion statute. Ohio Rev. Code § 2905.11 provides for five instances of extortion; however, Plaintiffs' fail to identify which instance applies to any Defendants, including the Port Authority, HCLRC, and the Individual Port Authority Defendants. In fact, Plaintiffs do not even name the Port Authority, HCLRC, or the Individual Port Authority Defendants when describing events they claim as extortion under Ohio Rev. Code § 2905.11, but somehow include them in their demand for a remedy. Plaintiffs therefore fail to state an adequate claim for extortion under Ohio law against the Port Authority, HCLRC, or the Individual Port Authority Defendants.

(3) Lastly, Plaintiffs' civil RICO claim fails to state a claim for relief against the Port Authority, HCLRC, or the Individual Port Authority Defendants. To adequately state a civil RICO claim for relief, a Plaintiff must allege "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Smith-Hutchinson v. ITS Fin. LLC*, No. 3:13-cv-192 (Consent Case), 2014 U.S. Dist. LEXIS 133580, at *9 (S.D. Ohio Sept. 23, 2014). Here, Plaintiffs allege mere legal conclusions that the Port Authority, HCLRC, and their "named agents . . . engaged in a systematic and overly ratified practice of extortion, abuse of process, illegal incarceration and discrimination . . ." (Compl., ¶ 176.) This sole legal conclusion, while baldly just restating the elements of a civil RICO claim, fails to state a plausible claim for relief. Moreover, Plaintiffs fail to allege the required predicate acts to support a RICO claim. Thus, Plaintiffs' civil RICO claim against the Port Authority, HCLRC, and the Individual Port Authority Defendants must be dismissed.

(4) Finally, as political subdivisions[6] of the State of Ohio, both the Port Authority and HCLRC (as well as their employees and board members) enjoy blanket immunity under Ohio Rev. Code § 2744.02(A) from the kinds of torts that Plaintiffs' Complaint attempts to allege. The mission and purpose of both the Port Authority and HCLRC (and the very activities alluded to in Plaintiffs' Complaint) is acquiring rundown properties, eliminating slum conditions, and revitalizing struggling neighborhoods. These are explicitly defined as "government functions" in Ohio Rev. Code § 2744.01(C)(1)(q) (stating that government function includes, but is not limited to, "[u]rban renewal projects and the elimination of slum conditions, including the performance of any activity that a county land reutilization corporation is authorized to perform under Chapter 1724. or 5722. of the Revised Code."). There are only five exceptions[7] to this immunity, and none of them apply here. Ohio law is equally clear that employees and representatives share the blanket immunity of their political subdivisions (except in specific circumstances[8] not relevant or pled here).

Accordingly, Ohio's principles of sovereign immunity requires that Plaintiffs' tort claims for Civil Conspiracy (Fourth Cause of Action), Extortion (Fifth Cause of Action), and Civil RICO (Seventh [*sic*] Cause of Action) be dismissed with prejudice.

---

[6] *See* Ohio Rev. Code § 2744.01(F): "'Political subdivision' or 'subdivision' means a . . . body corporate and politic responsible for governmental activities in a geographic area smaller than that of the state. 'Political subdivision' includes, but is not limited to, a . . . **port authority** created pursuant to section 4582.02 or 4582.26 of the Revised Code [and] county **land reutilization corporation** organized under Chapter 1724. of the Revised Code." (emphasis added).

[7] *See* Ohio Rev. Code § 2744.02(B) (Exceptions to subdivision immunity are: (1) negligent operation of a motor vehicle; (2) negligent conduct of employees while carrying out a proprietary function (as opposed to a government function as described above); (3) a municipality's failure to keep roads and sidewalks free from nuisance; (4) injury or loss that occurs on or within buildings used for governmental functions and is caused by the negligence of the municipality's employees; and (5) any other situation in which liability is expressly imposed by the Revised Code.)

[8] *See* Ohio Rev. Code § 2744.03(A)(6) (Circumstances exempting employees from immunity are: (a) the employee's acts or omissions were manifestly outside the scope of the employee's employment or official responsibilities; (b) the employee's acts or omissions were with malicious purpose, in bad faith, or in a wanton or reckless manner; (c) civil liability is expressly imposed upon the employee by a section of the Revised Code.)

## V. CONCLUSION

Neither the Plaintiffs' constitutional claims nor tort claims can go forward. Plaintiffs' Complaint is devoid of specific allegations that the Port Authority, HCLRC, or the Individual Port Authority Defendants caused any harm to Plaintiffs under either set of legal theories. First, Plaintiffs' allegations of constitutional violations amount to nothing more than "mere conclusory allegations of unconstitutional conduct," thereby failing to state a plausible claim for relief. *See Vaughn*, 65 F.3d at 1327 (6th Cir. 1995). Plaintiffs fail to "allege, with particularity, facts that demonstrate what each [Port Authority Defendant] did to violate the asserted constitutional right." *See Lanman*, 529 F.3d at 684.

Second, in regards to Plaintiffs' tort claims, all Port Authority Defendants enjoy blanket immunity from such claims under the Ohio Revised Code. But even if they were not, the Complaint "includes no specific allegations against [the Port Authority, HCLRC, or the Individual Port Authority Defendants] at all" to give rise to tort liability. *See Mullaney v. Ballinger*, No. 1:12-cv-638, 2012 U.S. Dist. LEXIS 164296, at *18 (S.D. Ohio Nov. 16, 2012), *report and recommendation adopted by* 2013 U.S. Dist. LEXIS 43647 (S.D. Ohio Mar. 27, 2013).

Therefore, Plaintiffs fail to allege a "plausible basis for relief" as to any of Plaintiffs' claims against the Port Authority, HCLRC, and the Individual Port Authority Defendants. *See id.* Thus, Plaintiffs' remaining claims must be dismissed for failure to state a claim upon which relief may be granted.

For the foregoing reasons, Defendants Port of Greater Cincinnati Development Authority, Hamilton County Land Reutilization Corporation, Laura Brunner, Phillip Denning, Rick Hudson, Todd Castellini, Rahiel Michael, Jilson Daniels, William Fischer, Mark Quarry, Tom Weidman,

and Molly North respectfully request the Court grant this Motion to Dismiss and dismiss Plaintiffs' claims against the Port Authority Defendants with prejudice.

Respectfully submitted,

*/s/ Brian P. Muething*

Brian P. Muething (0076315)
Ali Miller Redlinger (0101579)
KEATING MUETHING & KLEKAMP PLL
One E. Fourth Street, Suite 1400
Cincinnati, Ohio 45202
Tel: 513.579.6400
Fax: 513.579.6457
bmuething@kmklaw.com
aredlinger@kmklaw.com

*Counsel for the Port Authority Defendants*

13768396.3

**CERTIFICATE OF SERVICE**

I further certify that on August 23, 2024, a copy of the foregoing was filed using the Court's CM/ECF system. Electronic notification will be sent to the following attorneys of record by operation of the Court's electronic filing system:

*/s/ Brian P. Muething*
Brian P. Muething (0076315)

13768396.3