UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION, CINCINNATI

Civil Action Number: 1 24 cv 00214 DRC            Judge: The Honorable Douglas R Cole

## MOTION TO RESCIND FEBRUARY TEN, TWO THOUSAND TWENTY FIVE OPINION AND ORDER DISMISSING PLAINTIFF'S CLAIMS WITH PREJUDICE

Now comes the Plaintiff, Vanessa Sparks, appearing pro se and formerly represented by Attorney George Katchmer, respectfully submitting this Motion to Rescind the Court's Opinion and Order dated February ten, two thousand twenty five, in which the Court granted the motions to dismiss filed by the moving defendants.

Specifically, this Motion challenges the portion of the Order which dismissed the claims of Plaintiffs Vanessa Sparks, Ms. Hill, and Mr. Thompson with prejudice. Plaintiff Sparks respectfully requests the Court rescind or amend that portion of its ruling and allow the claims to be either reinstated or refiled, for the reasons set forth below.

GROUNDS FOR MOTION

This Motion is submitted in good faith, with clear mind and conscience, and under the protection of Local, State, National, and International Law. Plaintiff asserts that this case falls under the Tolling Doctrine, which allows the statute of limitations to be reset, adjusted, or tolled due to specific legal circumstances including delayed discovery and fraudulent concealment.

Plaintiff Sparks further asserts that dismissal with prejudice is not warranted due to the following:

APPLICABLE CASE LAW

(1) One. Rotella versus Wood, United States Supreme Court, Two Thousand

In this case, the Supreme Court held that in Civil RICO cases, the statute of limitations begins to run when the injury is or should have been reasonably discovered, rather than when the underlying fraudulent acts occurred. Plaintiff Sparks asserts that significant evidence and injury related to this case were only fully discoverable in the years leading up to the filing in April two thousand twenty four, making the dismissal with prejudice premature and unjust.

(2) Two. Klehr versus A O Smith Corporation, United States Supreme Court, Nineteen Ninety Seven

While this case rejected the "last predicate act" rule for continuously restarting the statute of limitations in Civil RICO cases, it affirmed that the statute begins upon discovery of the injury, not at the time of the earliest fraudulent act. Plaintiff's claims concern an extended and concealed pattern of racketeering and civil rights violations, which only became actionable upon discovery of the broader scheme in recent years.

(3) Three. Grimmett versus Brown, United States Court of Appeals, Ninth Circuit, Nineteen Ninety Seven

This case recognized the principle of fraudulent concealment, wherein a defendant's deliberate efforts to hide wrongdoing can toll the statute of limitations. Plaintiff Sparks alleges that the Defendants, including City officials, concealed key facts and engaged in collusion that prevented her from discovering the full scope of their unlawful actions until much later. Therefore, the dismissal with prejudice unjustly forecloses a valid claim.

IN CLOSING

Plaintiff Sparks respectfully submits that her claims should not be barred by the statute of limitations and that the Court's Order dismissing those claims with prejudice should be rescinded. The nature of the claims, the recent discovery of evidence, and the concealment of wrongdoing justify equitable tolling and support the right to have these claims fully reviewed on their merits.

For the foregoing reasons, Plaintiff Sparks respectfully requests that the Court rescind or modify its February ten, two thousand twenty five Opinion and Order as it relates to the dismissal of her

claims with prejudice and instead grant leave to amend or refile pursuant to law and in the interest of justice.

Respectfully submitted,

Dated  7/22/25

Cincinnati, Ohio

*[signature]*

[Signature of Plaintiff Vanessa Sparks]

Vanessa Sparks, Plaintiff Pro Se

1623 Daton Avenue #14939

Cincinnati, Ohio 45250