# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

**AKIL CHILDRESS, et al.,**

      **Plaintiffs,**

           **Case No. 1:24-cv-214**

   **v.**

           **JUDGE DOUGLAS R. COLE**

**CITY OF CINCINNATI, OHIO, et al.,**

      **Defendants.**

## OPINION AND ORDER

The Plaintiffs here assert a sprawling scheme of unlawful land redevelopment practices among the City of Cincinnati (the City), Port of Greater Cincinnati Development Authority (the Port), Hamilton County Land Reutilization Corporation (HCLRC), Cincinnati Center City Development Corporation (3CDC), and various individuals (collectively Defendants) in connection with efforts to revitalize certain communities in Cincinnati. In a February 10, 2025, Opinion & Order, the Court granted motions to dismiss filed by (1) the City, (2) the Port, along with HCLRC, and (3) 3CDC, as well as certain of the individual Defendants associated with each entity. (Doc. 95, #776).

In that Opinion & Order, however, the Court registered some confusion as to various Defendants who were not covered by any of the three motions to dismiss that the Court granted. (*See id.* at #777–78 n.6). To explain: the Defendants who moved to dismiss grouped themselves into "three categories: (1) the City and its executives, councilmembers, and employees, (2) the Port, its executives and employees, along

with HCLRC (which the Port manages), and appointed (non-elected) members of HCLRC's Board of Directors, and (3) 3CDC and its employees." (*Id.* at #777). But in addition to those three groups, "Plaintiffs also sue[d] various Hamilton County elected officials, including Board of Commissioners members, the County Treasurer, and the County Auditor." *Id.* And it was to those Defendants (as well as some others) that the Court was confused:

> The Court is uncertain how it should treat these Hamilton County officials, which include Commissioner Denise Driehaus, Commissioner Alicia Reese, Commissioner Stephanie Summerow Dumas, County Treasurer Jill Schiller, and County Auditor Dusty Rhodes (which the Complaint twice misspells as "Rhode"). (Doc. 1, #15–16). In the Complaint's caption, Plaintiffs seem to affiliate Driehaus, Reese, Dumas, and Schiller with HCLRC by listing "Hamilton County Land Reutilization Corporation" and HCLRC's address under their names. But the Port's motion to dismiss (which applies to HCLRC) clarifies that it applies only to non-elected HCLRC members. (Doc. 86, #687). HCLRC board members who double as Hamilton County elected officials (which would presumably include those four individuals), by contrast, "are separately represented by their respective government attorneys. To the extent they have been named solely in their capacity as HCLRC board members, [the Port's motion] should be deemed to apply to them as well." (*Id.* at #687 n.2 (emphasis added)). The Court, however, isn't sure whether those individuals are being sued solely in their capacities as HCLRC board members. Indeed, the Complaint, in naming those individuals, lists their titles as elected officials alongside their names. But as far as the Court can tell, no government attorney has filed a motion representing these elected officials. So the Court cannot determine whether the Port's motion applies to them, or not. Further complicating matters, the Complaint does not at all affiliate Rhodes, the County Auditor, with HCLRC. So it would seem that the Port's motion does not apply to him.
>
> The Court notes further confusion as to Defendants Bill Hern, Mike Fehn, Sean Minihan, Terry James, David Schneider, Dave Longhom (which the Complaint alternatively spells "Longham"), Aaron Ice, and "Other Unnamed Building Inspectors," all of whom Plaintiffs associate with the City's Buildings and Inspections Department. (Doc. 1, #6–8). Although the City's motion purports to apply to the Buildings and

Inspections Department's Director Art Dahlberg, Deputy Director Ed Cunningham, Inspector Kevin Rhodes, and Inspector Greg Wiles, it does not claim to apply to the other eight Defendants allegedly affiliated with the Buildings and Inspections Department. (*See* Doc. 84, #280). Nor do the other two motions filed. (*See generally* Docs. 84, 86). The City's motion does suggest that Defendant Dave Longhom is now deceased, and that Defendant Aaron Rice is a former City inspector, which perhaps explains why it does not apply to those individuals. (Doc. 84, #288). As for the other Defendants, though, the Court is left to guess. Summons were returned executed as to Defendants Fehn, Minihan, James, Schneider, Longhom, Ice, and the Other Unnamed Building Inspectors, (Docs. 73-20, 73-21, 73-22, 73-38, 73-39, 73-40), but not as to Defendant Hern.

Given the confusion, the Court intends to set a telephonic status conference with the Plaintiffs and all the above-named Defendants after this Opinion and Order issues. Further, for purposes of this Opinion and Order, the Defendants listed above are not included in Moving Defendants.

*(Id.* at #777–78 n.6).

Consistent with that, the Court held a telephonic status conference on February 21, 2025. (*See* 2/21/25 Min. Entry). There, it came to light that there were some service issues as to the Defendants described in footnote 6, notwithstanding the returns of service. So "[t]he parties agreed to work together in an attempt to clarify service and other" issues related to the status of the remaining City of Cincinnati and Hamilton County Defendants. (*Id.*). After discussion, the parties were to "file whatever necessary pleadings they decide are pertinent." (*Id.*).

But a few months later, in May and June 2025, Plaintiffs filed two notices indicating that their attorney had "abandoned" their case. (Docs. 97, 98). So the Court set another telephonic status conference, which was held on June 18, 2025. (*See* 6/18/25 Min. Entry). There, the Court ordered Plaintiffs' then-counsel, George Andrew Katchmer, "to file a Motion to Withdraw, if he intends to withdraw, on or

before 7/2/25." (*Id.*). And on July 1, 2025, Attorney Katchmer filed such a motion, (Doc. 99), which the Court granted, (*see* 7/2/25 Not. Order).

Thereafter, Plaintiff Vanessa Sparks filed four motions, each of which is now before the Court: (1) a motion requesting a transcript or official minutes for the February 21, 2025, and June 18, 2025, telephonic status conferences, (Doc. 102); (2) a motion to "rescind" the Court's February 10, 2025, Opinion & Order, which the Court treats as a motion for reconsideration, (Doc. 103); (3) a motion to appoint counsel, (Doc. 104); and (4) a motion to obtain electronic case filing rights, (Doc. 105). Various Plaintiffs also filed notices "of intent to proceed pro se." (*See* Docs. 106–13).

Having received these new filings, the Court issued a notation order on August 4, 2025, directing the parties to submit a report "on or before August 25, 2025, concerning their respective views of the status of the remaining City of Cincinnati and Hamilton County Defendants identified at footnote 6 of the Court's Opinion and Order issued on February 10, 2025." (8/4/25 Not. Order). Specifically, the parties were to address "(1) whether any of the service or pleading issues concerning those Defendants, which the parties discussed at the February 21, 2025, telephone status conference, have been resolved, and (2) how they believe the Court should proceed as to those remaining Defendants at this juncture." (*Id.*). The Court opted to hold the four motions noted above in abeyance pending receipt and review of the parties' reports.

Plaintiff Sparks filed what she styled a "submission of corrected information" on August 22, 2025. (Doc. 117). But the report does not address either of the items

noted in the Court's August 4, 2025, notation order. Instead, it accuses "[t]he Buildings & Inspection" of "falsely claiming" that Sparks' home was vacant. (*Id.* at #867).

Separately, but on the same day, Plaintiffs filed a "Comprehensive Response to Court Inquiry Regarding Remaining Defendants." (Doc. 118). That filing seeks to clarify how some of the Defendants noted in footnote 6 figure in this case. First, in connection with remaining City of Cincinnati Defendants, the filing claims that "Bill Hern, Mike Fehn, Sean Minihan, Terry James, David Schneider, Dave Longho[m], Aaron Ice, and 'Other Unnamed Building Inspectors' act under color of law pursuant to policies that systematically violate civil rights while the City falsely certifies compliance." (*Id.* at #872). Second, in connection with the Hamilton County officials, the filing states that "Commissioner Denise Driehaus, Commissioner Alicia Reese, Commissioner Stephanie Summerow Dumas, and County Treasurer Jill Schiller serve dual roles as county officials and HCLRC board members." (*Id.* at #873). Plaintiffs say that these individuals "[g]overn [an] entity that acquires properties seized through discriminatory enforcement while submitting false certifications regarding fair housing compliance." (*Id.*). Finally, the filing suggests that Hamilton County Auditor Dusty Rhodes "[f]acilitates property seizures through coordinated tax proceedings while the County submits false compliance certifications for federal funding." (*Id.*). The report also provides citations to legal sources that Plaintiffs take to support their litigation position. (*See id.* at #874–78).

The remaining parties submitted their reports a day after the deadline. The City of Cincinnati Defendants submitted one collective report.[1] (Doc. 121). It explains that "service was never completed on Defendants Bill Hern, Mike Fehn, Sean Minihan, Terry James, David Schneider, [] Dave Lo[ng]hom (sic), Aaron Ice, and the 'Other Unnamed Building Inspectors.'" (*Id.* at #909). The report continues: "[w]hile Plaintiffs sent a copy to the Unserved City Defendants to their previous work address, that is not effective service under the Federal Rules of Civil Procedure."[2] (*Id.* at #909). As a result, the report concludes that the unserved City Defendants should be dismissed without prejudice. (*Id.*).

The County Individual Defendants filed a collective report as well.[3] (Doc. 123). They say that "service has not been completed on any of the County Individual Defendants as required by Rule 4(e)." (*Id.* at #914). While a "[r]eview of the service

---

[1] The report speaks for the "City of Cincinnati, Mayor Aftab Pureval, Vice Mayor Jan-Michele Lemon Kearney, Councilmember Jeff Cramerding, Councilmember Reggie Harris, Councilmember Mark Jeffreys, Councilmember Anna Albi, Councilmember Meeka Owens, Councilmember Victoria Parks, Councilmember Scotty Johnson, Councilmember Seth Walsh, former councilmember Liz Keating, City Manager Sheryl Long, Director Art Dahlberg, Deputy Director Ed Cunningham, Inspector Kevin Rhodes, and Inspector Greg Wiles." (Doc. 121, #908).

[2] This statement is arguably an oversimplification. Under Rule 4, a party may effect service by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). Under Ohio law, a party may serve another party through ordinary mail, but only if service through certified mail is first attempted and fails. *See Lakhodar v. Madani*, 2008-Ohio-6502, ¶ 12 (Ohio Ct. App. Dec. 11, 2008). But there is no evidence in the record that Plaintiffs first attempted service through certified mail. So, to the extent that Plaintiffs simply attempted service through ordinary mail, the City of Cincinnati Defendants are correct that merely sending the summons and complaint to their workplace was insufficient.

[3] This report speaks for Jessica Miranda (who replaced Dusty Rhodes as Hamilton County Auditor), Denise Driehaus, Alicia Reese, Stephanie Summerow Dumas, and Jill Schiller. (Doc. 123, #914).

returns on the Court's docket shows that the Complaint was delivered to 3CDC (in the case of the Auditor [Doc. 73-8]), to the Port (in the case of the Treasurer and Commissioners Reese and Driehaus [Docs. 73-35, 73-34, 73-55]), or to nobody at all (in the case of Commissioner Summerow Dumas), [n]one of these entities are authorized to receive service on behalf of any of the County Individual Defendants." (*Id.*). In other words, the County Individual Defendants take the position that they were either never served, or served in a manner that is inconsistent with Federal Rule of Civil Procedure 4. And because "the time to serve the County Individual Defendants has long since expired, and Plaintiffs have neither effectively served them nor moved for an extension," the County Individual Defendants say that they should be dismissed without prejudice. (*Id.* at #915).

Finally, on September 5, 2025, Plaintiffs filed another "response" to the Court's August 4, 2025, notation order. (Doc. 125). Much like their "Comprehensive Response" (Doc. 118), it lists some of the Defendants and alleges, in a rather conclusory fashion, that they are liable under various legal theories. (*See generally* Doc. 125). Notably, the filing does not contest the facts about service set forth in the two filings from the Defendants described above. That same day, Plaintiffs also filed a notice indicating that five Plaintiffs—Rodney Thompson, Denise Hill, Akil Childress, Omar Childress,[4] and James McCrary—"are no longer Plaintiffs in this action." (Doc. 126, #926).

---

[4] As the Court has noted before, although the "Complaint's caption does not list Omar Childress as a Plaintiff," he is nonetheless listed in the Complaint's "Parties" section. (Doc. 95, #776 n.3 (citing Doc. 1, #18)). "So the Court accepts that he is in fact a Plaintiff." (*Id.*).

In short, then, it seems that the issues with the Defendants identified in footnote 6 of the Court's February 10, 2025, Opinion & Order remain. Specifically, it appears that none of those Defendants have been properly served. Additionally, five Plaintiffs would like to withdraw from the case, leaving five Plaintiffs to prosecute the action: Emma Sue Long, Charlene Berkhalter, Sandra Allen, Vanessa Sparks, and Stanford Poole. The Court will first turn to the four pending pro se motions and then address the other outstanding matters thereafter.

## LEGAL STANDARD AND ANALYSIS

**A.     The Court Denies the Four Outstanding Pro Se Motions.**

1.      The Court starts with the motion for a transcript or official minutes of the February 21, 2025, and June 18, 2025, telephonic status conferences. (Doc. 102). In support, Plaintiffs state that the requests are made "in good faith for purposes of clarity, due process, and to supplement the Plaintiffs' understanding of the Court's directives and counsel's representations during these critical proceedings." (*Id.* at #839). While the Court does not doubt Plaintiffs' good faith, it is unable to grant the request. The Court does not maintain transcripts or official minutes for its telephonic status conferences; the information on the public docket is all that is available. Thus, the Court **DENIES** Plaintiffs' Request for Transcript or Official Minutes (Doc. 102).

2.      Now turn to the motion to "rescind" the Court's February 10, 2025, Opinion and Order, which the Court construes as a motion for reconsideration. (Doc. 103). While the motion purports to seek relief on behalf of Plaintiffs Sparks, Hill, and Thompson, Sparks alone filed it. (*See id.* at #840). And, as discussed below, *see infra*

Law & Analysis, Part B, Sparks is the only one of this group of three who remains a Plaintiff in this action. Sparks "asserts that this case falls under the Tolling Doctrine, which allows the statute of limitations to be reset, adjusted, or tolled due to specific legal circumstances including delayed discovery and fraudulent concealment." *(Id.)*. As a result, she says that dismissal of her claims with prejudice was unwarranted. *(Id.)*. In support, she cites three cases: *Grimmett v. Brown*, 75 F.3d 506 (9th Cir. 1996); *Klehr v. A.O. Smith Corporation*, 521 U.S. 179 (1997); and *Rotella v. Wood*, 528 U.S. 549 (2000). (Doc. 103, #840–41). Each case concerns the statute-of-limitations period for civil RICO claims. *Klehr* rejected the Third Circuit's "last predicate act" rule, under which civil RICO's statute-of-limitations period began to run once the plaintiff knew or should have known of the injury and the pattern of racketeering activity, but began to run anew upon each predicate act forming part of the same pattern. 521 U.S. at 187. *Rotella* rejected the so-called "injury and pattern discovery rule," under which "a civil RICO claim accrues only when the claimant discovers, or should discover, both an injury and a pattern of RICO activity." 528 U.S. at 553 (citations omitted). And the portion of *Grimmett* that Sparks appears to rely on rejects a party's fraudulent concealment argument as "meritless." 75 F.3d at 515.

The Court understands Sparks to be relying on these cases to challenge the Court's statute-of-limitations analysis in the February 10, 2025, Opinion and Order. But the Court is not persuaded. The Court applied the statute of limitations to her § 1983 claims. Thus, the cases that Sparks cites, which are about civil RICO

violations, do little to move the needle. The Court therefore **DENIES** Sparks' Motion to Rescind (Doc. 103).

That said, having taken a fresh look at the Opinion and Order, the Court concludes that some clarification is warranted. Specifically, while the Court stands by the analysis it carried out there, it acknowledges that its conclusion paragraph inaccurately characterized the results of that analysis. Specifically, that paragraph incorrectly described certain of Plaintiffs' claims as dismissed with prejudice, when in fact the Court had intended to dismiss those claims without prejudice. (*See* Doc. 95, #823–24). The Court regrets the error and clarifies below the specific claims that the Order should have listed as dismissed with prejudice, and those it should have listed as dismissed without prejudice.

*First*, the statute of limitations bars Sparks', Hill's and Thompson's § 1983 claims. (*Id.* at #789–98). Therefore, Counts I–III are **DISMISSED WITH PREJUDICE** with respect to those Plaintiffs.[5]

*Second*, all Plaintiffs' § 1983 claims against 3CDC are dismissed **WITH PREJUDICE** because 3CDC is not a state actor and therefore cannot be liable under § 1983. (*Id.* at #804–05).

---

[5] This does not include McCrary's and Allen's claims, which the Court considered in a portion of the opinion that also included Sparks', Hill's, and Thompson's claims. (*See* Doc. 95, #786–804). The Court dismissed McCrary's claims under *Rooker-Feldman* and abstained from adjudicating Allen's claims under *Younger*. Both dismissals operate without prejudice. *See Revere v. Wilmington Fin.*, 406 F. App'x 936, 937 (6th Cir. 2011) (*Rooker-Feldman*); *Aaron v. O'Connor*, 914 F.3d 1010, 1020–21 (6th Cir. 2019) (*Younger*).

*Third*, Plaintiffs' § 1983 claims against the Port, HCLRC, and the City (with the exception of Sparks', Hill's, and Thompson's § 1983 claims, which were discussed above) are dismissed **WITHOUT PREJUDICE** because Plaintiffs failed to allege those claims with sufficient particularity—a defect that could, in principle, be cured by a new pleading. (*Id.* at #805–15).

*Fourth*, Counts IV and V against the City, the Port, and HCLRC are dismissed **WITH PREJUDICE** because those entities are entitled to an immunity as to those claims, which means that those Counts must fail as a matter of law. (*Id.* at #815–19).

*Fifth*, Counts IV and V against 3CDC are dismissed **WITHOUT PREJUDICE** because 3CDC is not shrouded by an immunity defense; rather those counts failed because the factual allegations were insufficient. (*Id.* at #819–21).

*Sixth*, all Plaintiffs' civil RICO claims against all Defendants are dismissed **WITHOUT PREJUDICE**. Neither the public nor the private Defendants are entitled to an immunity on those federal claims, and the Court dismissed them because, again, the factual allegations were insufficient. (*Id.* at #816, 821–23).

3.      Next, the Court considers Sparks' motion to appoint counsel. (Doc. 104). In support of that request, Sparks reiterates her claim that her former counsel abandoned this case in violation of "his professional obligations and his ethical oath." (*Id.* at #844). In terms of legal support, Sparks cites 28 U.S.C. § 1915(e)(1), which provides that "[t]he court may request an attorney to represent any person unable to afford counsel." But "[§] 1915 only applies to indigent litigants who proceed in forma pauperis." *Reese v. United Petro. Transports, Inc.*, No. 24-10943, 2025 WL 3111594,

at *2 n.4 (5th Cir. Nov. 25, 2025) (emphasis removed). And here, Sparks does not proceed as such. So the Court **DENIES** Plaintiffs' Motion to Appoint Counsel (Doc. 104).

4.       Finally, the Court considers Sparks' request for electronic case filing rights. (Doc. 105). "Although parties proceeding pro se are not allowed to file electronically, a pro se individual may apply to the assigned judicial officer for permission to electronically file documents." *Greer v. Herreld*, No. 2:22-cv-3443, 2022 U.S. Dist. LEXIS 169342, at *1 (S.D. Ohio Sep. 19, 2022) (quotation omitted). As explained above, not all of Sparks' claims are dismissed with prejudice. Nonetheless, given the state of this case, the Court sees little reason to grant electronic-filing permission at this juncture. Thus, the Court **DENIES** Sparks' Motion to Obtain Electronic Case Filing Rights (Doc. 105).

## B.       The Court Dismisses the Footnote 6 Defendants and the Five Withdrawing Plaintiffs.

With the outstanding motions addressed, the Court turns to a final piece of housekeeping: the Defendants identified in footnote 6 of the Court's February 10, 2025, Opinion and Order, as well as the five Plaintiffs who have indicated that they would like to withdraw from the case.

Starting with the latter issue, the Court **DISMISSES** Plaintiffs Rodney Thompson, Denise Hill, Akil Childress, Omar Childress, and James McCrary from this action as they request. (*See* Doc. 126, #926). Pursuant to Federal Rule of Civil Procedure 41(a)(2), the dismissal shall be without prejudice as to any claims that the

12

Court did not previously dismiss with prejudice in its February 10, 2025, Opinion and Order, as clarified by this Order. (*See* Doc. 95).

Turning next to the Defendants "identified in footnote 6," these are individual Defendants associated with the City of Cincinnati and Hamilton County. (*See* Doc. 95, #777–78 n.6). The Court treats the status reports from these two groups of Defendants as motions to dismiss for insufficient service of process under Federal Rule of Civil Procedure 12(b)(5). And because Plaintiffs do not contest the Defendants' representations as to service, the Court treats the motions as unopposed.

To expand on that a bit, according to the City of Cincinnati Defendants, "Bill Hern, Mike Fehn, Sean Minihan, Terry James, David Schneider, … Dave Lo[ng]hom (sic), Aaron Ice, and the 'Other Unnamed Building Inspectors'" have not been served. (Doc. 121, #909). Plaintiffs do not dispute that claim, nor do they offer any explanation for their failure to serve these Defendants. Under Federal Rule of Civil Procedure 4(m), the Court "must dismiss the action without prejudice" if a defendant is not served within 90 days after the complaint is filed. The Plaintiffs have had that time to complete service, and then some. Thus, the Court **DISMISSES** Defendants Bill Hern, Mike Fehn, Sean Minihan, Terry James, David Schneider, Dave Longhom, Aaron Ice, and the Other Unnamed Building Inspectors, **WITHOUT PREJUDICE**.

Likewise, the remaining County Individual Defendants—Dusty Rhodes,[6] Denise Driehaus, Alicia Reese, Stephanie Summerow Dumas, and Jill Schiller—also

---

[6] As a reminder, Jessica Miranda has since replaced Dusty Rhodes as the Hamilton County Auditor. (Doc. 123, #914 n.1). But since Dusty Rhodes is the party listed on the docket, that is the name the Court uses here.

report that Plaintiffs have not properly completed service as to any of them. (Doc. 123, #914). And again, Plaintiffs do not dispute that is the case. Thus, the Court **DISMISSES** these Defendants **WITHOUT PREJUDICE** for the same reason.

### CONCLUSION

For the reasons stated, the Court **DENIES** the four outstanding pro se motions (Docs. 102, 103, 104, 105), **DISMISSES** the various claims addressed in the previous Order (Doc. 95) with or without prejudice as discussed above, **DISMISSES** Plaintiffs Rodney Thompson, Denise Hill, Akil Childress, Omar Childress, and James McCrary, as they requested, (*see* Doc. 126), and **DISMISSES** all claims against Defendants Bill Hern, Mike Fehn, Sean Minihan, Terry James, David Schneider, Dave Longhom Aaron Ice, the Other Unnamed Building Inspectors, Dusty Rhodes, Denise Driehaus, Alicia Reese, Stephanie Summerow Dumas, and Jill Schiller **WITHOUT PREJUDICE** for lack of service.

The Court believes that resolves the matter as to all of the listed Defendants. Given the multitude of different served and unserved defendants Plaintiffs have listed in their Complaint, though, the Court provides Plaintiffs **FOURTEEN DAYS** (on or before March 24, 2026) in which to provide notice to the Court in writing if they believe that, notwithstanding the Court's disposition set forth in this Order (and its clarification of the disposition in its previous Order) one or more Defendants remain outstanding. If Plaintiffs provide no such notice, or if the Court after reviewing such notice concludes that no Defendants remain, the Court will enter judgment at that time.

**SO ORDERED.**

March 10, 2026
**DATE**

**DOUGLAS R. COLE**
**UNITED STATES DISTRICT JUDGE**

15