**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

**AKIL CHILDRESS, et al.,**

**Plaintiffs,**

**v.**

**CITY OF CINCINNATI, OHIO, et al.,**

**Defendants.**

**Case No. 1:24-cv-214**

**JUDGE DOUGLAS R. COLE**

## OPINION AND ORDER

This case has proven difficult to move to final judgment. That is at least in part because the nine plaintiffs sued some 70-plus defendants (the exact number depends on how many are included under the label "Other Unnamed Building Inspectors," (Doc. 1, #8)), many of whom they did not then bother to serve. And it is also in part due to questions about exactly which defendants were included as movants on the various motions to dismiss. (*See* Op. & Order, Doc. 95, #777, n.6).

As a result of that confusion, the Court has issued three orders. The first dismissed the vast majority of the case, in part with prejudice and in part without prejudice. (*See generally id.*). The Court intended the second, which it issued about a year later, to cover any remaining defendants, whom the Court dismissed without prejudice for lack of service. (Doc. 127). Concerned some defendants may have slipped through the cracks, though, the Court afforded plaintiffs an opportunity to identify any unaddressed defendants. (*Id.*). That led to a final order on August 7, 2026, in which the Court determined that no unaddressed defendants remained. (Doc. 132).

As a result, the Court dismissed the case and directed the Clerk to enter judgment. (*Id.*).

One might have thought that would have ended things, at least in this Court. Not so. Rather, invoking Federal Rules of Civil Procedure 59(e) and 60(b), plaintiffs now ask the Court to reconsider that entry of judgment. (Doc. 136). Separately, one of the plaintiffs, Vanessa Sparks, seeks leave to proceed in forma pauperis on appeal. (Doc. 138). For the reasons discussed briefly below, the Court **DENIES** both motions.

**BACKGROUND**

The Court recounted the facts of this case both its original opinion and order (Doc. 95) and its subsequent one (Doc. 127). The Court is not inclined to do so again here. Suffice to say, the plaintiffs have some concerns with the way in which the City of Cincinnati is pursuing its urban revitalization efforts. Originally represented by counsel, plaintiffs sued the City and scores of other entities and individuals involved in those efforts. The Court largely found that plaintiffs had failed to state a claim. (Doc. 95). But the multitude of defendants, and plaintiffs' spotty efforts at completing and documenting service, coupled with a lack of clarity in exactly which defendants were included in exactly which motions to dismiss, left confusion about whom the Court's order covered and who was left. That resulted in the second opinion described above addressing that question, in which the Court found that plaintiffs (who were now proceeding pro se) had failed to serve the remaining defendants, and as a result the Court dismissed those defendants without prejudice. (Doc. 127).

The Court understood that opinion and order to address all remaining defendants. But given the long list of parties and the earlier-noted confusion in the filings, the Court granted the plaintiffs two weeks to identify any remaining unaddressed defendants. (*Id*. at #940). The plaintiffs filed a response purporting to do so, but also requesting additional time to serve the defendants whom the Court had dismissed for failure to serve. (*See* Doc. 128). They also went ahead and filed an amended complaint on the docket (Doc. 131), but without seeking leave.

So about a month ago, the Court entered an order in which it (1) determined that it had in fact addressed all defendants, (2) declined to extend the time to serve the already dismissed defendants, and (3) struck the amended complaint for failure to seek leave to file (but also noting that it was deficient on the merits in any event). (Doc. 132, #1008, 1010–11, 1015). Then, consistent with that, the Court dismissed the case and ordered the Clerk to enter judgment. (*Id.*).

In their new motion, plaintiffs ask the Court to revisit those determinations. Invoking Rules 59(e) and 60(b), they again ask the Court to extend time for them to serve, and they explain why in their view the Court should allow them to proceed on the amended complaint. (Doc. 136). Separately, one of the plaintiffs, Vanessa Sparks, seeks leave to proceed in forma pauperis on appeal. (Doc. 138).

As there were no remaining defendants at the time the Court entered its August 7, 2026, Order (Doc. 132), it is not clear whether any defendant intends to respond. But, based on the Court's sua sponte review of plaintiffs' latest filings, the

Court finds that they lack merit. So, in the interest of efficiency and finality, the Court addresses the motions now.

**LAW AND ANALYSIS**

The rules on which plaintiffs rely, Civil Rules 59(e) and 60(b), provide a trial court only a limited basis on which to revisit an earlier determination. The rules are reserved for extraordinary situations and motions under them are "sparingly granted." *Calhoun v. Garza*, No. 4:22-cv-1866, 2024 WL 197260, at *2 (N.D. Ohio Jan. 18, 2024). That makes some sense. Judicial resources are limited, and time spent on any one case is time not available to another. As a result, cases proceed on the theory that a litigant puts their best foot (and arguments) forward on their first go-round, and then, if they don't like the result they obtain, they appeal. Plaintiffs have failed to identify any basis for the Court to chart a different course here.

Start with Rule 59(e). A court may alter or amend a prior judgment under Rule 59(e) based on "(1) a clear error of law, (2) newly discovered evidence, (3) an intervening change in controlling law, or (4) a need to prevent manifest injustice." *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010) (quoting *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005)). None of the four are present here. On the service issue, for example, plaintiffs do not contend that the Court got the law wrong. To the contrary, they "acknowledge" that they did not "establish legally sufficient service upon every individual Defendant." (Doc. 136, #1039). Nor do they point to newly discovered evidence or any intervening change in the law. Rather, they seem to tacitly suggest that failing to provide the additional

time to serve would be a manifest injustice, especially in light of their former counsel having left them in something of a lurch. (*Id*. at #1039–41). Be that as it may, this Court highlighted the service concerns some *eighteen months ago*. (Doc. 95). That was sufficient time for plaintiffs to remedy the defects if they intended to serve the remaining defendants. The Court is not inclined to give them more time now. So Rule 59 is out as a basis for relief.

What about Rule 60(b)? The analysis is largely the same. The rule provides six sub-categories of circumstances that a litigant may invoke. Plaintiffs decline to identify the sub-category on which they rely. So take them one at a time. First, plaintiffs failed to show any mistake, inadvertence, surprise, or excusable neglect. Fed. R. Civ. P. 60(b)(1). They point to their counsel's alleged failures, but the Court again finds that those failures, if any, did not relieve plaintiffs of the burden to complete service. (Doc. 136, #1039–40). The second category—newly discovered evidence, Fed. R. Civ. P. 60(b)(2)—fails for the same reason the same category did under Rule 59; namely, there is no newly discovered evidence. The third category relies on fraud by the opposing party, Fed. R. Civ. P. 60(b)(3)—plaintiffs have identified no such fraud here. The fourth is for occasions where the judgment is void, Fed. R. Civ. P. 60(b)(4), and plaintiffs have not even suggested that applies. The fifth involves situations where the judgment has been discharged, Fed. R. Civ. P. 60(b)(5)—again, not an issue here. And finally there is the so-called "catchall provision," "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6); *Sweatt v. Philipp*, No. 25-1339, 2025 WL 3531202, at *2 (6th Cir. Dec. 9, 2025). But "[a] court

should grant relief under Rule 60(b)(6)'s catch-all provision "only in 'exceptional or extraordinary circumstances.'" *West v. United States*, ___ F.4th ___, No. 25-1660, 2026 WL 2364299, at *4 (6th Cir. Aug. 14, 2026) (quoting *Miller v. Mays*, 879 F.3d 691, 698 (6th Cir. 2018)). No such exceptional or extraordinary circumstances exist here. The Court first identified the shortcomings it saw in the pleadings and in plaintiffs' service efforts over a year and a half ago. (*See* Doc. 95). Plaintiffs did virtually nothing to address either in the time since. After the Court enters judgment is not the time for them to begin.

Plaintiffs are of course free to appeal the Court's decision. Or, as to those claims the Court dismissed without prejudice, plaintiffs are free to begin anew. But they have failed to identify any basis on which the Court will revisit the determinations that it has already made.

That leaves one issue—plaintiff Sparks' request for leave to appeal in forma pauperis. (Doc. 138). A plaintiff wishing to proceed in forma pauperis on appeal must first seek leave to do so in the district court. Fed. R. App. P. 24(a)(1). Sparks did so here. In addressing that motion, the Court must determine both (1) whether the plaintiff's financial status warrants proceeding in that fashion, and (2) whether the plaintiff has identified any potentially meritorious grounds for review. *See* 28 U.S.C. § 1915(a). As to the former, Sparks perhaps clears the bar. True, she does not use the prescribed form. *See* Fed. R. App. P. 24(a)(1)(A) (specifying litigant must use Form 4). But she avers that she is unemployed, that she has never been employed, and that she has a total of thirty-five dollars cash to her name. That seems to qualify.

But, on the latter, she does not fare as well. To start, Rule 24 requires her to "state[] the issues that [she] intends to present on appeal." Fed. R. App. P. 24(a)(1)(C). She fails to identify a single one. The purpose of that requirement, of course, is to allow the Court to determine whether such an appeal would be "in good faith." *See* 28 U.S.C. § 1915(a)(3). "'Good faith' is an objective standard that is demonstrated when a party seeks appellate review of an issue that is 'not frivolous.'" *Thomas v. Robinson*, No. 2:24-cv-10250, 2025 WL 395826, at *2 (E.D. Mich. Jan. 24, 2025) (quoting *Coppedge v. United States*, 369 U.S. 438, 445 (1962)). Here, as Sparks has not identified *any* issues on which she seeks review, she necessarily has not shown she is seeking review of a nonfrivolous issue. Nor, frankly, is the Court aware of any non-frivolous issues for appeal. Accordingly, the Court certifies that an appeal would not be in good faith, and thus **DENIES** her motion for leave to appeal in forma pauperis. Of course, she is free to renew her motion with the Sixth Circuit Court of Appeals.

**CONCLUSION**

For the above reasons, the Court **DENIES** plaintiffs' Motion to Alter or Amend Judgment (Doc. 136) and Sparks' Motion for Leave to Appeal In Forma Pauperis (Doc. 138). As to the latter, Sparks can renew her motion with the court of appeals. Beyond that, the case **REMAINS CLOSED** on this Court's docket.

**SO ORDERED.**

September 16, 2026
**DATE**

**DOUGLAS R. COLE**
**UNITED STATES DISTRICT JUDGE**